WALTER G. GREEN v. THAD EURE, AS SECRETARY OF STATE

No. 7310SC324

(Filed 11 July 1973)

**Rules of Civil Procedure § 41— legitimate delay in prosecution — dismissal for failure to prosecute error**

Where plaintiff's failure to proceed with his action did not arise out of a deliberate attempt to delay, but out of the mistaken assumption that the calendar committee would, of its own accord, place the action on the calendar in Wake County, the trial court erred in dismissing plaintiff's action for failure to prosecute.

APPEAL by plaintiff from *Canaday, Judge,* 27 November 1972 Civil Session of WAKE County Superior Court.

On 24 November 1970 plaintiff filed a complaint seeking to enjoin the North Carolina Secretary of State from "receiving, enrolling and preserving in his office" several constitutional amendments submitted to popular vote and approved by the voters of the State in a general election held on 3 November 1970, and to declare those named sections unconstitutional and void.

Defendant filed answer on 22 December 1970. No action of any nature was taken by plaintiff or defendant until 14 November 1972, at which time defendant filed a motion to dismiss under Rule 41(b) for failure of the plaintiff to prosecute the case. Notice of the motion to dismiss was sent to and received by the plaintiff.

On 4 December 1972 plaintiff and counsel for defendant were heard on the motion to dismiss before Judge Canaday. Upon finding that over two years' time has elapsed since the

complaint was filed, that plaintiff has taken no steps to prosecute his action, and that plaintiff never requested the Calendar Committee to place the case on the calendar in Wake County, Judge Canaday dismissed the action. Plaintiff's only reason for his failure to prosecute this action was that he felt it was the duty of the Calendar Committee to act on its own accord.

*Attorney General Robert Morgan by Associate Attorney Howard A. Kramer for the State, defendant appellee.*

*Walter G. Green, in propria persona, plaintiff appellant.*

CAMPBELL, Judge.

North Carolina Civil Procedure Rule 41(b), substantially the same as its federal counterpart, authorizes dismissal with prejudice of a plaintiff's claim for failure to prosecute. It was held in *Link v. Wabash R. Co.*, 370 U.S. 626, 8 L.Ed. 2d 734, 82 S.Ct. 1386 (1962), that courts have inherent power to dismiss stale actions, even on their own motion, and without notice or hearing by the parties if the circumstances indicate a knowledge of the party of the consequences of his own conduct.

The courts, however, are primarily concerned with trial of causes on their merits. Therefore, mere lapse of time does not justify dismissal if the plaintiff has not been lacking in diligence. Expedition for its own sake is not the goal. Thus in the *Link* case the Supreme Court was careful to detail the six-year delay in prosecution and to review facts from which it could reasonably be inferred that the plaintiff had been deliberately proceeding in dilatory fashion.

Dismissal for failure to prosecute is proper only where the plaintiff manifests an intention to thwart the progress of the action to its conclusion, or by some delaying tactic plaintiff fails to progress the action toward its conclusion. 5 Moore's Federal Practice, Paragraph 41.11[2].

In the instant case plaintiff's failure to proceed did not arise out of a deliberate attempt to delay, but out of misunderstanding. Plaintiff assumed that upon filing the action, it would be calendared by the Clerk of Superior Court of Wake County and the Wake County Calendar Committee as provided by Rule 2 of the General Rules of Practice for the Superior and District Courts.

We hold that dismissal of plaintiff's action was improper.

Reversed.

Judges BRITT and BALEY concur.