MELBA WILDER (NOW LEE), Plaintiff v. DENNIS B. WILDER, Defendant

No. COA00-1121

(Filed 16 October 2001)

**Civil Procedure; Divorce— equitable distribution—failure to prosecute claim—dismissal with prejudice**

The trial court erred by dismissing with prejudice under N.C.G.S. § 1A-1, Rule 41(b) plaintiff's claim for equitable distribution based on plaintiff's alleged failure to prosecute the claim, because: (1) the trial court failed to consider lesser sanctions before dismissing the case; and (2) before dismissing for failure to prosecute under Rule 41(b), the trial court must address the three factors of whether plaintiff acted in a manner which deliberately or unreasonably delayed the matter, the amount of prejudice to defendant, and the reason that sanctions short of dismissal would not suffice.

Appeal by Plaintiff from judgment entered 9 May 2000 by Judge Thomas R.J. Newbern in Hertford County Superior Court. Heard in the Court of Appeals 15 August 2001.

*Louie Wilson III, for plaintiff-appellant.*

*Larry S. Overton, P.A., by Larry S. Overton, for defendant-appellee.*

HUDSON, Judge.

Plaintiff appeals an order entered 9 May 2000 by Judge Thomas R.J. Newbern dismissing plaintiff's action for equitable distribution. Plaintiff originally filed a complaint on 29 September 1987 requesting a divorce from bed and board, alimony, alimony *pendente lite*, and child support from defendant. Plaintiff also preserved her interest in the equitable distribution of marital property. In his Answer and Counterclaim, filed 2 November 1987, Defendant stated that he would be seeking equitable distribution "[a]t an appropriate time" in the future. Defendant filed a motion on 18 April 2000 to dismiss plaintiff's claim for equitable distribution. The plaintiff argued the motion *pro se* and defendant was represented by his attorney. Judge Newbern dismissed plaintiff's 1987 action for equitable distribution pursuant to North Carolina Rule of Civil Procedure 41(b). In his order, the trial judge found that plaintiff had not pursued her claim for equitable dis-

tribution, but made no mention as to whether the defendant had pursued his claim. We reverse and remand for the trial court to consider and make further findings as to whether lesser sanctions than dismissal were appropriate.

Plaintiff and defendant were married in 1964 and had three children. After discord in their relationship increased, plaintiff filed for divorce from defendant. The court entered an order on 30 November 1987 settling issues of child custody, child support, alimony, and temporary possession of marital property. In 1990, the court awarded plaintiff an absolute divorce from defendant. The court never determined plaintiff's claim for equitable distribution of marital property which was contained in her original Complaint filed 29 September 1987, nor did the court determine defendant's claim for equitable distribution mentioned in his Answer and Counterclaim filed 2 November 1987. In granting plaintiff an absolute divorce from defendant 18 May 1990, the court noted that plaintiff's claim for equitable distribution was still pending. After plaintiff sought to have the court approve and sign a Qualified Domestic Relations Order regarding a pension plan of defendant's, defendant filed a motion to dismiss plaintiff's claim for equitable distribution on 18 April 2000. After a hearing, the trial court concluded that plaintiff had failed to prosecute her equitable distribution claim, which materially prejudiced the defendant. The court dismissed plaintiff's claim for equitable distribution with prejudice.

Plaintiff's only assignment of error asserts that the "trial court erred in dismissing plaintiff's claim for equitable distribution for failure to prosecute without considering appropriate sanctions short of dismissal." The trial court dismissed plaintiff's claim for equitable distribution pursuant to Rule 41(b). Rule 41(b) provides for the involuntary dismissal of a cause of action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." In general, a trial court is required to "consider lesser sanctions before dismissing an action under Rule 41(b)." *Goss v. Battle*, 111 N.C. App. 173, 176, 432 S.E.2d 156, 158 (1993) (remanding case to trial court to consider less severe sanctions than dismissal for violation of Rule 37(d) of the North Carolina Rules of Civil Procedure).

Rule 41(b) provides that a claim may be dismissed for one of three reasons: failure to comply with the rules, failure to comply with a court order, or failure to prosecute. Most of the cases cited in the plaintiff's brief specifically concern dismissals under Rule 41(b) for failure to "comply with these rules or any order of court," and not dis-

missals for failure to prosecute. *See Foy v. Hunter,* 106 N.C. App. 614, 418 S.E.2d 299 (1992) (consideration of lesser sanctions than dismissal with prejudice under Rule 41(b) for violation of Rule 8(a)(2)); *Daniels v. Montgomery Mut. Ins. Co.,* 81 N.C. App. 600, 344 S.E.2d 847 (1986) (consideration of lesser sanctions than dismissal for failure to comply with court order). These cases require that a trial court consider lesser sanctions before dismissing a claim pursuant to Rule 41(b). Although the general rule stated in *Goss* supports this Court's holding, no North Carolina cases specifically state that lesser sanctions must be considered by a trial court before dismissing a claim pursuant to Rule 41(b) for *failure to prosecute.* Because we believe that the cases on Rule 41(b) point most logically in this direction, we hold that the trial court must also consider lesser sanctions when dismissing a case pursuant to Rule 41(b) for *failure to prosecute.*

We reach this conclusion for two reasons. First, from the cases involving dismissals under Rule 41(b), we can discern no reason to treat a dismissal for failure to prosecute different from dismissals for other reasons permitted by Rule 41(b), when the question is whether lesser sanctions suffice. And second, because the cases concerning dismissal under Rule 41(b), few though they are, appear to compel this conclusion.

Dismissal is the most severe sanction available to the court in a civil case. *See Daniels,* 81 N.C. App. at 604, 344 S.E.2d at 849. An underlying purpose of the judicial system is to decide cases on their merits, not dismiss parties' causes of action for mere procedural violations. *See Jones v. Stone,* 52 N.C. App. 502, 505, 279 S.E.2d 13, 15, *disc. rev. denied,* 304 N.C. 195, 285 S.E.2d 99 (1981) (holding that the trial court correctly refused to grant a motion to dismiss for failure to prosecute); *Green v. Eure, Secretary of State,* 18 N.C. App. 671, 672, 197 S.E.2d 599, 600 (1973) (holding that the trial court erred in dismissing plaintiff's action for failure to prosecute). In accord with this purpose, claims should be involuntarily dismissed only when lesser sanctions are not appropriate to remedy the procedural violation. *See Daniels,* 81 N.C. App. at 604, 344 S.E.2d at 849; *Harris v. Maready,* 311 N.C. 536, 551, 319 S.E.2d 912, 922 (1984).

Defendant relies upon *Foy v. Hunter* to illustrate the issues North Carolina case law presents on this subject. There, the trial court dismissed plaintiffs' claims with prejudice based on plaintiffs' alleged failure to prosecute and on an alleged failure to comply with the Rules of Civil Procedure, specifically Rule 8(a)(2). *See id.* at 619, 418 S.E.2d at 302. In considering the dismissal for failure to prosecute,

this court applied the standard from *Green* and *Link v. Wabash R. Co.*, 370 U.S. 626, 8 L. Ed. 2d 734 (1962): "[u]nder Rule 41(b), a trial court may enter sanctions for failure to prosecute only where the *plaintiff* or his *attorney* 'manifests an intention to thwart the progress of the action to its conclusion' or 'fails to progress the action toward its conclusion' by engaging in some delaying tactic." *Foy*, 106 N.C. App at 618, 418 S.E.2d at 302 (quoting *Green*, 18 N.C. App. at 672, 197 S.E.2d at 600-01; *Jones*, 52 N.C. App. at 505, 279 S.E.2d at 15) (emphasis added). This Court reversed the dismissal for failure to prosecute, because the evidence in the record did not support the finding that *plaintiff* intended to thwart progress in the action. Additionally, the trial court failed to make any findings as to whether plaintiff's *attorneys* failed to prosecute the action. Because the findings were not supported, this Court declined to uphold the dismissal for failure to prosecute on this basis. *See Foy*, 106 N.C. App. at 619, 418 S.E.2d at 303.

However, this Court in *Foy* considered the dismissal for violation of Rule 8(a)(2) separately. The Court noted that when a party violates a rule, the trial court may dismiss for failure to comply with the Rules of Civil Procedure if it has first determined the appropriateness of lesser sanctions. *See id.* at 620, 418 S.E.2d at 303. "[T]he trial court must make findings and conclusions which indicate that it has considered . . . less drastic sanctions." *Id.* (citing *Rivenbark v. Southmark Corp.*, 93 N.C. App. 414, 421, 378 S.E.2d 196, 201 (1989)). Because the trial court had not made such findings, the court reversed the dismissal of the complaint and remanded for reconsideration of appropriate sanctions for the violation of Rule 8(a)(2). *See id.*

Here, the trial court made some findings of fact and conclusions of law concerning plaintiff's failure to prosecute. However, we find that the trial court did not consider in the record whether lesser sanctions were appropriate for plaintiff's failure to prosecute. "If the trial court undertakes this analysis, its resulting order will be reversed on appeal only for an abuse of discretion." *Foy*, 106 N.C. App. at 620, 418 S.E.2d at 303 (citing *Miller v. Ferree*, 84 N.C. App. 135, 137, 351 S.E.2d 845, 847 (1987) (holding that the trial court did not abuse its discretion in considering lesser sanctions than dismissal with prejudice when deciding to dismiss plaintiff's action without prejudice)).

We also note that the Fourth Circuit has ruled accordingly in interpreting the same rule. Although we are not bound by these cases,

they can have instructional value, especially when considered in conjunction with the preceding state law analysis. *See State v. Adams*, 132 N.C. App. 819, 820, 513 S.E.2d 588, 589 (1999) (noting that "federal appellate decisions are not binding upon either the appellate or trial courts of this State"). The pertinent language of Rule 41 of the Federal Rules of Civil Procedure is identical to Rule 41 of the North Carolina Rules of Civil Procedure. The Fourth Circuit has held that before dismissing a claim for *failure to prosecute* under Federal Rule of Civil Procedure 41(b) the trial court must consider four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Commissioner of Internal Revenue*, 916 F.2d 171, 173 (4th Cir. 1990).

We believe that the factors recognized in *Hillig*, as well as in our previous cases, together give rise to three factors that the trial judge must address before dismissing for failure to prosecute under Rule 41(b). They are: (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice. Here, the trial court did not fully address any of these factors. The only mention of prejudice to the defendant in the order is contained in finding number 17, which reveals no factual basis and thus is actually a conclusion of law. *See Carpenter v. Brooks*, 139 N.C. App. 745, 752, 534 S.E.2d 641, 646, *disc. rev. denied*, 353 N.C. 261, 546 S.E.2d 91 (2000) (conclusions of law, even if erroneously labeled as findings of fact, are reviewable *de novo* on appeal). We hold that the conclusion that there was prejudice to the defendant is insufficiently supported by factual findings, and must be vacated.

In sum, we hold that the trial judge must address the three factors previously enumerated before deciding whether to dismiss the plaintiff's claim with prejudice under Rule 41(b), for failure to prosecute. Accordingly, the trial court's order dismissing with prejudice plaintiff's ·claim for equitable distribution is vacated, and this case is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

Judges WALKER and McGEE concur.