IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-374

Filed 05 September 2023

Forsyth County, No. 20 CVS 3011

IAN COWPERTHWAIT, WILLIAM COWPERTHWAIT, and CATHERINE COWPERTHWAIT, Plaintiffs,

v.

SALEM BAPTIST CHURCH, INC., Defendant.

Appeal by Defendant from order entered 24 September 2021 by Judge Susan E. Bray in Forsyth County Superior Court. Heard in the Court of Appeals 4 October 2022.

> *Fox Rothschild LLP, by Troy D. Shelton and Elizabeth Brooks Scherer, and Smith Law Group, PLLC, by Steven D. Smith and Jonathan M. Holt, for plaintiffs-appellants.*
>
> *Bovis, Kyle, Burch & Medlin, LLC, by Brian H. Alligood, for defendant-appellee.*

MURPHY, Judge.

This appeal concerns Plaintiffs' attempt to take a voluntary dismissal without prejudice in accordance with Rule 41(a)(1) after the trial court had announced its ruling involuntarily dismissing the action under Rule 41(b). During the hearing, Plaintiffs had expressed a contingent desire to take a voluntary dismissal if the trial court were to allow Defendant's dismissal for failure to prosecute, but they did not actually attempt to take a voluntary dismissal until after an adverse ruling was

rendered. Under these circumstances, we hold that the trial court correctly vacated Plaintiffs' attempted Rule 41(a)(1) voluntary dismissal.

However, the trial court could not impose dismissal with prejudice as a sanction under Rule 41(b) without explaining the prejudice Plaintiffs' failure to prosecute caused Defendant and the reason why sanctions short of dismissal would not suffice. Although we review the trial court's selection of sanction only for an abuse of discretion, we hold that the trial court's explanations for its selection of dismissal with prejudice as a sanction were manifestly unsupported by reason. Accordingly, we vacate the portion of the trial court's order dismissing the case with prejudice and remand for the trial court's consideration of which sanction short of dismissal with prejudice is appropriate.

## BACKGROUND

On 9 July 2020, Plaintiffs Ian Cowperthwait and his parents, William and Catherine Cowperthwait, filed a complaint against Defendant for personal injuries Ian suffered as a child at Defendant's summer camp in June 2011. The relevant background concerns Plaintiffs' alleged failure to prosecute.

Two weeks before filing the lawsuit, Plaintiffs' counsel promised Defendant's liability insurance carrier he would try to produce copies of Ian's medical records as soon as possible. Six weeks later, on 19 August 2020, Defendant's insurer asked

Plaintiffs' counsel again for the medical records.[1]  On 10 November 2020, after Defendant's insurer received an administrative session notice from the trial court, the claims handler reiterated the medical records request.

On 9 December 2020, Defendant's insurer retained counsel which, again, requested production of the medical records and proposed a joint request to remove the case from the approaching administrative session calendar.  Plaintiffs' counsel agreed to remove the case from the court's administrative calendar and again said he would try to get the medical records sent over as soon as possible.  On 4 January 2021, Defendant's counsel served a request for statement of monetary relief sought, formal interrogatories, and requests for production of documents.

Defendant filed its answer, along with interrogatories and document requests, on 7 January 2021.  Plaintiffs requested an extension of time to respond to the discovery requests on 26 January 2021; and, on 2 February 2021, Defendant's counsel again asked Plaintiffs' counsel to send the medical records.  On 12 March 2021, Defendant's counsel wrote Plaintiffs' counsel about the discovery responses—by then

---

[1] While the Record before us contains a copy of the *Summons* issued on 9 July 2020, the Record does not satisfy the requirements of N.C. R. App. P. 9(a)(1)(c) as the *Summons* included does not include its return.  *See* N.C. R. App. P. 9(a)(1)(c) (2023) ("The printed record in civil actions and special proceedings shall contain[] . . . a copy of the summons with return, or of other documents showing jurisdiction of the trial court over persons or property, or a statement showing same[.]").  Further, the Record is devoid of any proof of service in accordance with N.C.G.S. § 1A-1, Rule 4(j2) of the *Complaint* or an acceptance of service.  *See generally* N.C.G.S. § 1A-1, Rule 4(j2) (2021).  In our discretion under N.C. R. App. P. 2, since personal jurisdiction over the Defendant is not at issue in this appeal and was not raised as one of Defendant's twelve affirmative defenses in its *Answer*, we exercise our discretion to reach the merits of Plaintiffs' appeal.

a week overdue, even with the 30-day extension they requested—and said that, if a response wasn't given by 19 March 2021, Defendant's counsel would "understand the matter to be ripe for a motion to compel and possible additional relief." On 19 March 2021, Plaintiffs' counsel responded via email apologizing for the delay and saying he would have responses to Defendant's counsel by 24 March 2021.

On 16 June 2021, still having not received responses to discovery requests, Defendant moved to dismiss the case for failure to prosecute, or, in the alternative, to compel discovery responses. Plaintiffs eventually responded to the discovery requests on 15 July 2021, noting numerous objections throughout; however, Plaintiffs failed to serve a response to Defendant's request for statement of monetary relief sought.

On 10 August 2021, the trial court heard Defendant's *Motion to Dismiss or, in the alternative, Motion to Compel Discovery*. At the hearing, Plaintiffs' counsel offered to take a voluntary dismissal without prejudice if the court were inclined to dismiss for failure to prosecute and agreed to have Plaintiffs' discovery objections struck if the court deemed them untimely. The court orally announced it would grant Defendant's motion and asked Defendant's counsel to draft a proposed order. The court did not comment on a second offer by Plaintiffs to take a voluntary dismissal, nor did the court explicitly state whether the dismissal would be with or without prejudice.

After the hearing and before any written order was entered, Plaintiffs' counsel filed a *Notice of Voluntary Dismissal Without Prejudice.* Defendant moved to set aside the voluntary dismissal, and the trial court held a hearing on the motion on 8 September 2021. The trial court orally granted Defendant's motion to set aside and, again, asked Defendant's counsel to prepare the order. Subsequently, the trial court entered a written order dismissing the case with prejudice for failure to prosecute, and Plaintiffs timely appealed.

## ANALYSIS

On appeal, Plaintiffs make two arguments: (A) that the trial court erred in vacating their Rule 41(a)(1) voluntary dismissal without prejudice; and (B) that the trial court abused its discretion in selecting an involuntary dismissal with prejudice as Plaintiffs' sanction under Rule 41(b) of our Rules of Civil Procedure.[2] *See Meabon v. Elliott*, 278 N.C. App. 77, 80 ("[I]n reviewing the appropriateness of the particular sanction imposed [under Rule 41(b)], an abuse of discretion standard is proper . . . ."), *disc. rev. denied*, 379 N.C. 151 (2021).

### A. Vacating Rule 41(a)(1) Voluntary Dismissal

---

[2] In addition to these issues, Defendant argues in its brief that William and Catherine Cowperthwait's claims are barred by statute of limitations, seemingly as an alternative ground for upholding the trial court's order in accordance with N.C. R. App. P. 28(c) as to William and Catherine Cowperthwait's claims. While we agree that the applicable statute of limitations in all likelihood applies as to William and Catherine's claims, we devote no further discussion to this argument because the applicability of any statute of limitations was not the subject of the trial court's order, nor was it the basis of the motion to which that order responded; rather, the order on appeal solely concerned the propriety of the trial court's previous oral ruling on Defendant's motion to dismiss for failure to prosecute under Rule 41 and its vacation of Plaintiffs' motion for voluntary dismissal.

As to Plaintiffs' argument that the trial court erred in vacating their voluntary dismissal, we disagree. While it is true that Rule 41(a) generally allows a plaintiff to take voluntary dismissal "without order of court [] by filing a notice of dismissal at any time before the plaintiff rests his case," N.C.G.S. § 1A-1, Rule 41(a)(1) (2021), this general rule is subject to the "limitations [] that the dismissal not be done in bad faith and that it be done prior to a trial court's ruling dismissing [the] plaintiff's claim or otherwise ruling against [the] plaintiff . . . ." *Brisson v. Santoriello*, 351 N.C. 589, 597 (2000) (emphasis added).

We have expressly held that "[t]aking a voluntary dismissal based on concerns about the *potential* for a future adverse ruling by the [trial court] is permissible." *Market America, Inc. v. Lee*, 257 N.C. App. 98, 106 (2017). However,

> [d]ismissing an action after such a ruling has actually been announced by the court is not. Once the trial court has informed the parties of its ruling against the plaintiff on the defendant's dispositive motion, Rule 41 does not permit the proceeding to devolve into a footrace between counsel to see whether a notice of voluntary dismissal can be filed before the court's ruling is memorialized in a written order and filed with the clerk of court. To hold otherwise would make a mockery of the court's ruling.

*Id.* at 106-07 (marks omitted).[3]

Here, *Market America* is directly on point. During the hearing on Defendant's

---

[3] While our research reveals no occasion on which either we or our Supreme Court have commented on the standard of review for issues such as these, we infer from the scope of the analysis in *Market America* that our standard of review in determining whether Plaintiffs' voluntary dismissal falls within one of these exceptions is de novo. *Id.* at 102-108.

motion to dismiss, Plaintiffs' counsel stated the following: "[I]f for some reason Your Honor said that you were going to lean toward taking a dismissal on this, we would then dismiss without prejudice and have an opportunity to re-file." This was clearly a contingent statement, not an expression that Plaintiffs were, at that time, taking a Rule 41(a)(1) voluntary dismissal. Indeed, Plaintiffs' counsel later acknowledged the contingent nature of the earlier statement by remarking just after the trial court granted Defendant's motion to dismiss that "[he] asked the Court, if they were doing that, [Plaintiffs] would take a [voluntary] dismissal."

This is precisely the type of situation in which the principles discussed in *Market America* are designed to prohibit an attempt to take an untimely voluntary dismissal. If Plaintiffs had been concerned about the prospect of an adverse ruling, they were entitled to take a voluntary dismissal at any earlier point in the litigation. *Market America*, 257 N.C. App. at 106. They were *not* entitled to wait until the adverse ruling occurred, then use a voluntary dismissal as a proverbial escape hatch from whatever consequences that ruling may entail. "To hold otherwise would make a mockery of the [trial] court's ruling." *Id.* at 106-07 (marks omitted).

### B. Trial Court's Selection of Rule 41(b) Sanction

As to Plaintiffs' next argument—that the trial court improperly selected dismissal with prejudice as its sanction under Rule 41(b)—we agree that the trial court abused its discretion. *See Egelhof v. Szulik*, 193 N.C. App. 612, 619 (2008) (citing *Turner v. Duke Univ.*, 325 N.C. 152, 165 (1989)) ("[I]n reviewing the

appropriateness of the particular sanction imposed, an abuse of discretion standard is proper . . . .")  In relevant part, Rule 41(b) permits an involuntary dismissal "[f]or failure of the plaintiff to prosecute . . . ." N.C.G.S. § 1A-1, Rule 41(b) (2021).  However, "dismissal with prejudice is the most severe sanction available to the court in a civil case, and thus, it should not be readily granted." *Lauziere v. Stanley Martin Communities*, LLC, 271 N.C. App. 220, 223 (2020), *aff'd*, 376 N.C. 789 (2021).  "In general," then, "a trial court is required to 'consider lesser sanctions before dismissing an action under Rule 41(b).'" *Wilder v. Wilder*, 146 N.C. App. 574, 575 (2001) (quoting *Goss v. Battle*, 111 N.C. App. 173, 176 (1993)).  Moreover, in particular, we have held "that the trial court must [] consider lesser sanctions when dismissing a case pursuant to Rule 41(b) for failure to prosecute." *Id.* at 576 (emphasis omitted).

Three factors must inform a trial court's decision to impose dismissal or some other sanction under Rule 41(b): "(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice." *Id.* at 578.  Here, in compliance with *Wilder*, the trial court offered the following conclusions of law in support of its ruling:

> 1. Rule 41(b) of the North Carolina Rules of Civil Procedure authorizes a court to dismiss an action for failure to prosecute or failure to comply with the Rules of Civil Procedure or any order of court.  Before dismissing an action for failure to prosecute, Courts are to determine the following three factors: (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the

matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice.

2. The Court finds that the Plaintiffs have unreasonably delayed this matter. Although Ian Cowperthwait has been admitted to treatment facilities since April of 2021, no explanation was given for the more than eight months that passed since the filing of the complaint before April of 2021. Moreover, the Court notes that Ian's parents, William and Catherine Cowperthwait are named Plaintiffs. No explanation has been offered for their failure to prosecute the action.

3. The Court finds that the delay has prejudiced the Defendant. The case is already unusually old by virtue of the tolling of the statute of limitations applicable to Ian Cowperthwait due to his minor status (age 11) at the time of the incident. That incident occurred more than ten (10) years ago. The additional year-long delay in prosecuting this action has prejudiced the Defendant by exacerbating the inordinate amount of time since the incident, during which witnesses have moved and witness memories have inevitably faded.

4. Sanctions short of dismissal would be insufficient because the adverse effects of witness unavailability and faded memories that inevitably accompany lengthy periods of time cannot be reversed. Additionally, the Court should not be expected to carry a personal injury action over multiple terms due to failure in prosecution.

While we are cognizant of the great deference owed to the trial court under an abuse of discretion standard, we are confident in this case that such an abuse of discretion occurred. *See Briley v. Farabow*, 348 N.C. 537, 547 (1998) ("An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision."). Although the trial court

- 9 -

adequately and reasonably answered whether Plaintiffs acted in a manner which unreasonably delayed the matter, its rationale for the conclusions that Defendant suffered prejudice and that sanctions short of dismissal would be insufficient were based exclusively on the projected impact on witness availability and memory and the logistical burden on the court. However, no explanation is offered as to why the marginal impact on witness availability and memory would have been significant relative to the filing of the complaint, and we fail to see how the case's "unusual" age relative to the underlying injury would render the additional time elapsed since the filing of the complaint especially problematic.[4]

In substance, the reasons offered by the trial court appear to relate primarily to the total length of time elapsed since the events giving rise to the claims, concerning the eleven years since the injury rather than the thirteen months that had elapsed between the filing of Plaintiffs' complaint and the trial court's oral ruling on Defendant's Rule 41 motion. However, ten years being available to Ian to file his complaint after the events giving rise to his claims is a policy decision that has already been made by the General Assembly through its enactment of N.C.G.S. § 1-17(a)(1), not a valid discretionary basis on which the trial court may dismiss the

---

[4] If anything, the logical tendency of the case already being old would be to *lessen* the marginal impact of further time having elapsed, not increase it. Common sense and experience dictate that that the level of detail lost in an eleven-year-old memory relative to a ten-year-old memory is far less than the level of detail lost in, for example, a one-month-old memory relative to a thirteen-month-old memory.

action for failure to prosecute. *See* N.C.G.S. § 1-17(a)(1) (2021) ("A person entitled to commence an action who is under a disability at the time the cause of action accrued may bring his or her action . . . within three years next after the removal of the disability[.]"). Finally, to the extent the trial court also incurred a logistical burden from the delay, the trial court has offered no rationale or citation to authority explaining why that reason, standing alone, requires the extreme sanction of dismissal with prejudice. *Cf. Green v. Eure*, 18 N.C. App. 671, 672 (1973) ("Expedition for its own sake is not the goal.").

## **CONCLUSION**

The trial court's selection of dismissal with prejudice as the Rule 41(b) sanction was "manifestly unsupported by reason . . . ." *Briley*, 348 N.C. at 547. While we affirm the portion of the trial court's order vacating Plaintiffs' Rule 41(a)(1) voluntary dismissal, we reverse the portion of the trial court's order dismissing the case with prejudice and remand for the trial court to further consider which sanction short of dismissal with prejudice is appropriate for Plaintiffs' failure to prosecute. *See Lauziere*, 271 N.C. App. at 228 (reversing and remanding for further proceedings where dismissing with prejudice for a failure to prosecute was predicated on an abuse of discretion).

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

Judge GORE concurs.

Chief Judge STROUD concurs in result only in part and dissents in part.

- 11 -

STROUD, Chief Judge, concurring in result only in part, dissenting in part.

I concur with the Majority Opinion in the result only as to the first issue and agree the trial court did not err in vacating Plaintiffs' notice of voluntary dismissal without prejudice, although I specifically dissent from Footnote 2 of the Majority Opinion. I also dissent as to the second issue. The trial court did not abuse its discretion by dismissing Plaintiffs' claim with prejudice under Rule 41(b).

As to Footnote 2, the claims of William and Catherine Cowperthwait were clearly barred by the statute of limitations. Their claims were for "medical bills and expenses" for their son's treatment for his injuries allegedly caused by Defendant's negligence, and these claims were not tolled. Defendant properly pled the defense of expiration of the statute of limitations on their claims, and in the context of this case, which deals with delay and the failure to bring claims until ten years after the incident giving rise to the claim, the expiration of the statute of limitation on their claims, as opposed to Ian's claim, is certainly a factor the trial court might properly consider, but I will not address the issue further.

Turning to the Rule 41(b) issue, the Majority Opinion notes four of the trial court's conclusions of law provided to support its ruling as to dismissal with prejudice as a sanction. But the Majority Opinion overlooks the trial court's four pages of detailed findings of fact regarding the relevant procedural history of the case.

The trial court's findings of fact are not challenged on appeal and are thus binding on this court. *See Cohen v. McLawhorn*, 208 N.C. App. 492, 498, 704 S.E.2d

519, 524 (2010) ("Unchallenged findings of fact are presumed to be supported by competent evidence, and are binding on appeal." (citations and quotation marks omitted)). In summary, these findings address the Plaintiffs' repeated promises to produce medical records supporting the claim and failures to provide these records as well as Plaintiffs' failures to respond to formal discovery requests for the records. The trial court found Defendant had been attempting to obtain the medical records from Plaintiffs for *over seven years* as of the date of the hearing on Defendant's motion to dismiss or to compel discovery in 2021. Although some records were produced, the Plaintiffs never produced a full response to the discovery. The trial court also made findings regarding Ian Cowperthwait's arrests on various criminal charges in 2020 and 2021 and his admissions to treatment facilities in 2021 and addressed why these circumstances did not justify the Plaintiffs' failure to act during various periods of time. The trial court made findings regarding Plaintiffs' failure to produce: "complete medical records[;]" "any of his [Ian's] school records[;]" records from "recovery facilities[;]" "expert witness identification(s)[;]" and "social media content[.]"

We know the trial court was well-aware of the factors it must consider in determining the appropriate sanction, as the trial court's first conclusion of law notes that under Rule 41(b) "[c]ourts are to determine the following three factors:"

> (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice. *Wilder v. Wilder*, 146 N.C. App. 574,

2

[578], 553 S.E.2d 425, 428 (2001).

The trial court's order then clearly addresses all these factors. Specifically, the trial court concluded that Plaintiffs provided "no explanation" for the delay of "more than eight months that passed since the filing of the Complaint before April of 2021." The trial court concluded "the delay has prejudiced the Defendant" because the "case is already unusually old by virtue of the tolling of the statute of limitations" based on Ian's status as a minor child "at the time of the incident" over "ten (10) years ago." The additional year of delay in prosecuting the case "exacerbat[ed] the inordinate amount of time since the incident, during which witnesses have moved and witness memories have inevitable faded."

The Majority rejects these reasons on the grounds they "primarily" relate to the period of time when the statute of limitations as to Ian's claim was tolled rather than the period of time between the filing of the complaint and the ruling on Defendant's Rule 41 motion. But a plain reading of the conclusions of law refutes the Majority's interpretation. The trial court's discussion of Plaintiffs unreasonable delay focuses on how "no explanation was given for the more than eight months that passed *since the filing of the complaint*[.]" (Emphasis added.) Similarly, in its conclusion on prejudice, the trial court noted "[t]he *additional year-long delay* in prosecuting this action has prejudiced the Defendant[.]" (Emphasis added.) As a result, the trial court properly relied on the period of time between the filing of the complaint and the ruling on Defendant's Rule 41 motion.

Finally, the trial court addressed "the reason, if one exists, that sanctions short of dismissal would not suffice." *Wilder*, 146 N.C. App. at 578, 553 S.E.2d at 428. The trial court concluded, based on all the unchallenged findings of fact, sanctions short of dismissal would not suffice because "the adverse effects of witness availability and faded memories that inevitably accompany lengthy periods of time cannot be reversed." Nor should the trial court "be expected to carry a personal injury action over multiple terms due to failure in prosecution."

The trial court adequately addressed the *Wilder* factors. The trial court is not required to list each potential sanction short of dismissal and explain why it rejected each one. *See Batlle v. Sabates*, 198 N.C. App. 407, 421, 681 S.E.2d 788, 798 (2009) ("[T]he trial court is not required to list and specifically reject each possible lesser sanction prior to determining that dismissal is appropriate." (quoting *Badillo v. Cunningham*, 177 N.C. App. 732, 735, 629 S.E.2d 909, 911 (2006)).

This court is required to review the trial court's ruling for abuse of discretion. *See Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998) ("An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision."). The trial court made detailed findings of fact, clearly addressed all three *Wilder* factors, and in its discretion concluded that "[s]anctions short of dismissal would be insufficient" based on the facts and factors the trial court had already addressed. The Majority, had it been in the place of the trial court, might have made a different discretionary evaluation of the

various factors in this case. But this sort of evaluation is actually *de novo* review, not a review for abuse of discretion.

> The abuse of discretion standard of review is applied to those decisions which necessarily require the exercise of judgment. The test for abuse of discretion is whether a decision "is manifestly unsupported by reason," *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985), or "so arbitrary that it could not have been the result of a reasoned decision." *State v. Wilson*, 313 N.C. 516, 538, 330 S.E.2d 450, 465 (1985). The intended operation of the test may be seen in light of the purpose of the reviewing court. Because the reviewing court does not in the first instance make the judgment, the purpose of the reviewing court is not to substitute its judgment in place of the decision maker. Rather, the reviewing court sits only to insure that the decision could, in light of the factual context in which it is made, be the product of reason.

*Little v. Penn Ventilator Co.*, 317 N.C. 206, 218, 345 S.E.2d 204, 212 (1986).

The trial court's decision is clearly supported by reason and is not arbitrary in any way. I concur in result only as to the Majority Opinion's affirming the trial court's order vacating the Plaintiffs' voluntary dismissal, dissent as to Footnote 2, and dissent as to the Majority Opinion's ruling on the portion of the trial court's order dismissing the case with prejudice.