IN THE MATTER OF: A.Y.
No. COA09-531
Court of Appeals of North Carolina
Filed: September 15, 2009
This case not for publication
Lisa W. Reynolds P.C., by Lisa W. Reynolds and Northern Blue, LLP, by Carol J. Holcomb, for appellee petitioner Orange County Department of Social Services.
Poyner Spruill LLP, by Bryn D. Wilson, for respondent guardian ad litem.
Charlotte Gail Blake, for appellant respondent-mother.
STROUD, Judge.
Respondent appeals from the trial court's adjudication and disposition order. For the reasons stated herein, we affirm. On 29 October 2008, the Orange County Department of Social Services ("DSS") filed a juvenile petition alleging A.Y. was (1) a neglected juvenile in that she "does not receive proper care, supervision, or discipline from . . . [her] parent" and "lives in an environment injurious to . . . [her] welfare" and (2) a dependent juvenile in that her parent "is unable to provide for .. . [her] care or supervision and lacks an appropriate alternative child care arrangement." The specific allegations in the juvenile petition were that:
1) On October 28, 2008, Respondent/mother appeared at the office of the OCDSS on Homestead Road seeking assistance for herself and the juvenile.
2) Respondent/mother had been evicted from Homestart where she had been since May 2008 for non-compliance.
3) For a significant period of time Petitioner attempted to find alternative housing for Respondent/mother and the juvenile. During the course of seeking alternate housing, Petitioner learned that Respondent/mother had resided at different shelters where she was no longer welcome.
4) Also during the course of seeking housing, Petitioner learned that Halifax County has a Child Protective Services history with Respondent/mother and her three year old. The circumstances of this history are unknown at the time of filing this petition.
5) On information and belief, Respondent/mother has no stable housing, no employment, has lived as a transient, and has no support system from whom she can receive help.
6) The juvenile is a dependent juvenile in that Respondent/mother is currently unable and/or unwilling to secure housing and/or employment seeking assistance in order to be able to provide for the juvenile.
Also on 29 October 2008, DSS obtained nonsecure custody of A.Y.
A hearing on the juvenile petition was held on 30 December 2008. On 23 January 2009, the trial court entered an order adjudicating A.Y. a neglected and dependent juvenile. The trial court continued custody with DSS. Respondent appeals.
On appeal, respondent-mother contends that the trial court's findings of fact are not supported by the evidence, and therefore cannot be used to support the conclusion that A.Y. was a neglected and dependent juvenile.
The allegations in a petition alleging abuse, neglect, or dependency shall be proved by clear and convincing evidence. The role of this Court in reviewing a trial court's adjudication of neglect and abuse is to determine (1) whether the findings of fact are supported by clear and convincing evidence, and (2) whether the legal conclusions are supported by the findings of fact. If such evidence exists, the findings of the trial court are binding on appeal, even if the evidence would support a finding to the contrary. The trial court determines the weight to be given the testimony and the reasonable inferences to be drawn therefrom. If a different inference may be drawn from the evidence, the trial court alone determines which inferences to draw and which to reject.
In re T.H.T., 185 N.C. App. 337, 343, 648 S.E.2d 519, 523 (2007) (citations, quotation marks, and brackets omitted), aff'd in part and modified in part, 362 N.C. 446, 665 S.E.2d 54 (2008).
A neglected juvenile is defined as:
A juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law. In determining whether a juvenile is a neglected juvenile, it is relevant whether that juvenile lives in a home where another juvenile has died as a result of suspected abuse or neglect or lives in a home where another juvenile has been subjected to abuse or neglect by an adult who regularly lives in the home.
N.C. Gen. Stat. § 7B-101(15) (2007). A dependent juvenile is defined as:
A juvenile in need of assistance or placement because the juvenile has no parent, guardian, or custodian responsible for the juvenile's care or supervision or whose parent, guardian, or custodian is unable to provide for the care or supervision and lacks an appropriate alternative child care arrangement.
N.C. Gen. Stat. § 7B-101(9) (2007). "Under [N.C. Gen. Stat. § 7B-101(9)], the trial court must address both (1) the parent's ability to provide care or supervision, and (2) the availability to the parent of alternative child care arrangements." In re P.M., 169 N.C. App. 423, 427, 610 S.E.2d 403, 406 (2005).
With respect to the conclusion that A.Y. was a neglected juvenile, we initially address respondent-mother's argument that the circumstances involving her other child's adjudication as abused and neglected were not "sufficiently similar for the trial court to place great weight on these adjudications[.]" We first note that the statutory definition of a neglected juvenile includes living with a person who neglected other juveniles. N.C. Gen. Stat. § 7B-101(15). Also, this Court has stated that "in determining whether a parent has neglected a juvenile, a prior adjudication of neglect involving that parent is a relevant factor to consider, and the trial judge is afforded some discretion in determining the weight to be given such evidence." In re E.N.S., 164 N.C. App. 146, 150, 595 S.E.2d 167, 169 (citations, quotation marks, and brackets omitted), disc. review denied, 359 N.C. 189, 606 S.E.2d 903 (2004). Moreover, "[i]n cases of this sort, the decision of the trial court must of necessity be predictive in nature, as the trial court must assess whether there is a substantial risk of future abuse or neglect of a child based on the historical facts of the case." In re McLean, 135 N.C. App. 387, 396, 521 S.E.2d 121, 127 (1999). Therefore, we conclude that the trial court could properly consider the prior abuse and neglect of another child in respondent-mother's care. See N.C. Gen. Stat. § 7B-101(15); In re E.N.S. at 150, 595 S.E.2d at 169; In re McLean at 396, 521 S.E.2d at 127.
We now turn to respondent's argument that the evidence does not support the trial court's findings, and that the conclusions of law are not supported by the findings.
In the case sub judice, the trial court made the following findings of fact:
8. Respondent mother first came to the attention of OCDSS in May, 2008, when she and the juvenile resided at Home-Start, a shelter for homeless families. They remained at Home-Start until October, 2008.
9. Respondent mother was discharged from Home-Start for failing to find housing, for her failure to find employment, and for failing to make good use of her time as required by the facility.
10. While at Home-Start, Respondent mother failed to give substantial information regarding the juvenile's and her own health and medical condition as required by the facility.
. . . .
13. Respondent mother has not had gainful employment since 1996. She has stayed anywhere she can, sometimes out of doors.
14. Respondent mother now claims to be living in a residence on Longview Street, but failed to give the street number. She believes that the name of the person with whom she resides is irrelevant. The person with whom she currently resides is provided housing through the housing authority.
. . . .
16. OCDSS attempted to work with Respondent mother each time she requested services, resulting in her having exhausted the money allotted for a six (6) month period.
17. Each time Respondent mother requested assistance through OCDSS, Income Maintenance, she did not have a physical address, nor did she provide an address. A physical address was required in order for OCDSS to provide services. Additionally, a physical address is required in order for certain vendors to accept payment from OCDSS.
. . . .
19. Social Worker Daran Edmunds attempted to provide Respondent mother with names of shelters, food banks and other services providers which she refused to accept directly from him. She refused to accept the information from the Social Worker as ordered by the Court.
20. Respondent mother has had two (2) other minor children removed from her custody: DY born [i]n . . . 1989 and AY born [i]n. . . 2005.
21. Having taken judicial notice of the lawfully submitted court file from Halifax County, the Court reviewed prior orders entered in Halifax County which show a history and pattern of unemployment and failure to provide housing for the minor child. Based upon the evidence presented to this court today, a pattern of failure to provide housing for the minor child and Respondent mother's failure to obtain employment is a pattern which continues today.
22. Respondent mother did apply for public housing. She was told that there were 499 applicants in front of her. The application for public housing is the only evidence of Respondent mother's attempts to locate housing for herself and the minor child, aside from her request for OCDSS to pay her rent and/or find and pay for a house for herself and the child.
23. Respondent mother testified that she had made attempts to obtain employment, but did not provide any supporting documents of her attempts to obtain employment.
24. Respondent mother was involuntarily committed to a psychiatric facility in 1996. She has not followed orders entered in the District Court of Halifax County that she obtain a Psychological Evaluation.
25. Respondent mother has not provided to this Court, cogent information regarding her mental health status.
26. Respondent mother aspires to become a lawyer or to be Governor of the State of North Carolina.
27. Respondent mother was resistant to answer questions about her education. She did state that she went to high school but not to college.
28. Respondent mother does not have the ability to provide appropriate care for the minor child. Respondent mother is unable to provide for the minor child's care and supervision. Respondent mother lacks an appropriate alternative child care arrangement.
Respondent-mother fails to challenge any of the above findings of fact in her brief, and thus they are binding on appeal. See, e.g., Eakes v. Eakes, ___ N.C. App. ___, 669 S.E.2d 891, 896 (2008) ("Although plaintiff assigned error to findings of fact numbers 12, 13, and 18, she has failed to argue in her brief that they are not supported by competent evidence. These findings are therefore binding on appeal. N.C. R. App. P. 28(b)(6) (2008)."). We conclude that the findings of fact above support the conclusions that A.Y. was both a dependent and a neglected juvenile. See N.C. Gen. Stat. § 7B-101(9), (15). As we have concluded that the unchallenged findings establish that A.Y. is both a dependent and neglected juvenile, we need not consider the findings of fact respondent-mother did challenge. See generally Black Horse Run Ppty. Owners Assoc. v. Kaleel, 88 N.C. App. 83, 86, 362 S.E.2d 619, 622 (1987) ("Where there are sufficient findings of fact based on competent evidence to support the trial court's conclusions of law, the judgment will not be disturbed because of other erroneous findings which do not affect the conclusions." (citations omitted)). Therefore, these arguments are overruled. The trial court's adjudication and disposition order is affirmed.
AFFIRMED.
Judges STEPHENS and ERVIN concur.
Report per Rule 30(e).