BUTLER SERVICE COMPANY v. BUTLER SERVICE GROUP, INC.

No. 8326SC64

(Filed 17 January 1984)

1. **Rules of Civil Procedure § 41— dismissal of claim for failure to prosecute—plaintiff's counsel trying another case in district court**

   The superior court erred in dismissing plaintiff's complaint with prejudice for failure to prosecute when plaintiff's counsel was trying a non-jury case in the district court at the time plaintiff's superior court trial was to begin where plaintiff, through its officers and representatives, was standing outside of the superior courtroom ready and willing to prosecute its case at the time the case was dismissed; plaintiff was never given an opportunity to preserve its claim by taking a Rule 41(a) voluntary dismissal; and plaintiff's counsel had taken no action to thwart the progress of the case.

2. **Rules of Civil Procedure § 41— dismissal of claim for failure to prosecute—mere lapse of time**

   When plaintiff's counsel has not been lacking in diligence, a mere lapse of time does not justify a dismissal.

APPEAL by plaintiff from *Snepp, Judge.* Order entered 11 August 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 December 1983.

*Paul L. Whitfield, for plaintiff appellant.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by William L. Rikard, Jr., for defendant appellee.*

BECTON, Judge.

Substantively, this case involves the alleged use by the defendant of a corporate name reserved for the exclusive use of the plaintiff appellant without the plaintiff's knowledge, consent, or permission. Plaintiff's appeal, however, does not relate to the

merits of the case. The appeal relates to the procedural dismissal with prejudice of plaintiff's complaint under Rule 41(b) of the North Carolina Rules of Civil Procedure for failure to prosecute.

Plaintiff's case, the second jury case on the 12 July 1982 Superior Court calendar, was called for trial in Mecklenburg County Superior Court, room 304, at 9:30 a.m. on 13 July 1982. At that time, plaintiff's counsel was trying a non-jury case in Mecklenburg County District Court, room 210, said case having begun at 9:00 that morning. Judge Claude Sitton dismissed plaintiff's case for plaintiff's failure to prosecute. Plaintiff timely filed a motion under Rules 59 and 60 of the North Carolina Rules of Civil Procedure for relief from Judge Sitton's order, and plaintiff's motion was subsequently denied by Judge Frank Snepp. From Judge Snepp's order failing to grant plaintiff relief, plaintiff appeals.

I

Neither Judge Sitton nor Judge Snepp found facts regarding plaintiff's failure to appear in Superior Court at 9:30 a.m. on 13 July 1982. It is undisputed, however, (1) that plaintiff's attorney was called on Monday afternoon, 12 July 1982, by the clerk in the civil session of the superior court and told that plaintiff's case would begin at 9:30 a.m. on the following day; (2) that at approximately the same time the clerk in the district non-jury court called to advise plaintiff's attorney that his two district court cases would be called at 9:00 and 9:30 the following morning; (3) that plaintiff's attorney advised both of the courtroom clerks who had called him of the conflict, and asked them to advise the respective judges of the demands of both courts; (4) that prior to either court convening on the morning of Tuesday, 13 July 1982, plaintiff's attorney went by the superior courtroom and found no one in attendance and then went by the Civil Department to talk with the clerk for the superior court about his problem; (5) that plaintiff's attorney thereafter went to district courtroom 205, informed Judge Lanning that he was supposed to be in superior court at 9:30 a.m.; (6) that Judge Lanning, nevertheless, advised plaintiff's counsel that the first of his district court cases would be called at 9:00 a.m.; (7) that plaintiff's attorney's first non-jury district court case was called at 9:00 a.m. and was being actively prosecuted, when, at approximately 9:27 a.m., Judge Lanning interrupted court and handed plaintiff's counsel a note advising

that plaintiff's superior court case would be dismissed within five minutes if plaintiff's counsel failed to appear; and (8) that plaintiff's attorney went to the superior court, with Judge Lanning's permission, to explain his absence.[1]

While not questioning the accuracy of plaintiff's attorney's factual representations, Judges Sitton and Snepp obviously felt that those facts were of little consequence. In response to plaintiff's attorney's statement, that he could not be in two places at one time, Judge Sitton said: "Well, this Court takes priority over the District Court, and that is the rule that this Court is going by. So I hope that you will adhere to that in the future." In his order denying plaintiff's motion for relief from the judgment, Judge Snepp found that "the trial judge's dismissal of plaintiff's action was made in his discretion will [sic] full knowledge of the circumstances of plaintiff's counsel's absence. . . ."

## II

No one questions the inherent authority of trial judges to control the conduct of litigation before them. They are responsible for the operation of courts in a judicious and orderly manner. Moreover, no one contends that the trial of a non-jury matter in district court takes precedence over a superior court trial. The General Rules of Practice for the Superior and District Courts supplemental to the Rules of Civil Procedure adopted pursuant to N.C. Gen. Stat. § 7A-34 (1981) clearly state that "when an attorney has conflicting engagements in different courts, priority shall be as follows: appellate courts, superior court, district court, magistrate's court." Rule 3 (amended 1973). However, this Rule does not definitely address the "Catch 22" plaintiff's counsel found himself in—having his case called upstairs for superior court while he was downstairs trying a case in district court.

---

1. In explaining his absence, plaintiff's attorney told *Judge Sitton*, in open court, that when he came back to his office around 3:30 p.m. he received

a second phone call from your Clerk saying that the case would be called this morning at 9:30. I received [another] phone call at the same time from Judge Lanning's Clerk saying that my cases at 9:00 and 9:30 would be called in the District Court. I shared my problems with the Clerks in both courts and also with Judge Lanning, and he chose to call my case at 9:00. I asked him if I could come here at 9:30, and he said that under the local rules that the first case called was the one that required my attention. So I had to start down there at 9:00.

Butler Service Co. v. Butler Service Group

Moreover, the local rules promulgated to control the trials of cases in the courts of Mecklenburg County are obviously subject to differing interpretations.[2]

[1]  We cannot interpret a local rule, the terms of which are not before us. Nevertheless, we are able to say with certainty — without pointing the finger of blame at the superior court, the district court, or plaintiff's attorney, who obviously knew that all three of his cases were, or were likely to be, calendared and called for trial — that the plaintiff should not have had its case dismissed. Court imposed sanctions against attorneys, if the facts warrant it, are clearly more palatable than the Rule 41(b) dismissal in this case. The harshness of a Rule 41 dismissal with prejudice is seldom more apparent than on the facts of this case. Plaintiff, through its officers and representatives, was standing outside of superior courtroom #304, ready and willing to prosecute its case at the time the case was dismissed. The dismissal with prejudice is especially disturbing for another reason — plaintiff was never given an opportunity to preserve its claim by taking a Rule 41(a) voluntary dismissal, which would have allowed it to refile its suit within a year's time.

This case does not involve an attorney who has repeatedly taken action to delay the trial of his case. In fact, the record suggests that plaintiff's counsel had taken no action to thwart the progress of this case toward its conclusion prior to 13 July 1982.

---

2. No "local rules" governing the trial of cases in Mecklenburg County were included in the Record On Appeal. However, plaintiff's attorney's affidavit, which appears in the Record, contains the following averment:

Judge Lanning advised the counsel for the plaintiff that his case would be called at 9:00 a.m. in District Court #210, and further, that under the rules of practice in the District and Superior Courts for Mecklenburg County, that if the District Court case were called first by Judge Lanning, that plaintiff's counsel was required to be in District Court #210 rather than in Superior Court.

This averment is no different than plaintiff's attorney's explanation given in open court to Judge Sitton, ante, p. 3. Contrasted with plaintiff's counsel's averment of Judge Lanning's interpretation of the local rules is Judge Snepp's conclusion that

2. The trial judge's dismissal of plaintiff's action was made in his discretion will [sic] full knowledge of the circumstances of plaintiff's counsel's absence and is not contrary to the practices or procedures of this Court in calendaring, setting or calling for trial cases in this judicial district.

This case is not about an attorney opting to try district court cases in one county when he has a case for trial on a superior court calendar in another county. Plaintiff's counsel had district court cases on the second floor and a superior court case on the third floor of the Mecklenburg County Courthouse on the same day. Coordination and cooperation by all is needed.

The record suggests that plaintiff's counsel is a sole practitioner. We are loathe to fashion a rule that would require sole practitioners, whenever they have a case calendared for trial in superior court, to continue all scheduled matters in district court for that week. Local rules, strictly adhered to, requiring either that the case started first should continue to conclusion or that counsel is entitled to an automatic continuance in district court if he has a superior court case, seem more advisable. We hasten to add, however, that the burden of scheduling or continuing cases is on the attorney. Advising courtroom clerks of conflicts is not sufficient. The attorney must do more; otherwise, an impractical and impossible burden will be placed on our district and superior court judges. In this case, when plaintiff's attorney was unable to find the superior court judge in courtroom #304, he went to the Civil Department and then to the district court. When he advised the district court judge of his problem, the district court judge *required* him to start a non-jury trial at 9:00 a.m. The district court judge had options—he did not have to (and most district court judges would not) call plaintiff's non-jury case for trial. Plaintiff's counsel had no choice but to proceed, once the case was called for trial.

[2] The law is clear. When plaintiff's counsel has not been lacking in diligence, a mere lapse of time does not justify dismissal. "Courts are, and should be, primarily concerned with trial of cases on their merits." *Jones v. Stone,* 52 N.C. App. 502, 505, 279 S.E. 2d 13, 15, *disc. review denied,* 304 N.C. 195, 285 S.E. 2d 99 (1981). In this case, plaintiff's counsel's failure to proceed did not arise out of a deliberate attempt to delay the progress of the action to its conclusion, but rather, arose out of a very typical and practically expected situation that was handled in an atypical manner.

In his attempt to be relieved from the judgment, plaintiff's counsel specifically moved, pursuant to Rule 60(b) of the North

Carolina Rules of Civil Procedure, to be relieved from the judgment entered, citing subsections 1, 4 and 6. Those subsections read as follows: "(1) Mistake, inadvertence, surprise, or excusable neglect; (4) The judgment is void; (6) Any other reason justifying relief from the operation of the judgment." Without deciding whether there was excusable neglect which would require a finding of a meritorious defense, and without considering whether the judgment was void, we hold that plaintiff presented sufficient "other reasons justifying relief from the operation of the judgment."

Reversed.

Chief Judge VAUGHN and Judge HILL concur.