**IN RE WILL OF KERSEY**

[176 N.C. App. 748 (2006)]

IN THE MATTER OF THE WILL OF ROBERT L. KERSEY, Deceased

No. COA05-832

(Filed 21 March 2006)

**1. Wills— caveat proceeding—statute of limitations—notice**

Where, as here, a caveator enters a caveat to the probate of a will within three years after the application for the probate of such will and complies with the bond requirements of N.C.G.S. § 31-33, the proceeding has been properly filed within the limitations period of N.C.G.S. § 31-32.

**2. Wills— caveat proceeding—failure to prosecute**

The trial court erred by dismissing under N.C.G.S. § 1A-1, Rule 41(b) a caveat proceeding on the basis of failure to prosecute, because: (1) the trial court's dismissal on the basis of failure to prosecute within the statute of limitations period improperly conflates the time in which a party may provide notice in a caveat with the time in which a party may commence a caveat; (2) provided a plaintiff has not been lacking in diligence, the mere passage of time does not justify dismissal for failure to prosecute as our courts are primarily concerned with the trial of cases on their merits; and (3) nothing in the record indicates caveator attempted to thwart progress or implemented a delay tactic that would otherwise justify the trial court's dismissal under Rule 41(b).

Appeal by caveator from judgment entered 15 April 2005 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 20 February 2006.

*Hedrick, Murray, & Cheek, P.L.L.C., by Josiah S. Murray, III, and John C. Rogers, III, for propounder-appellee.*

*Nick Galifianakis & Associates, by Nick Galifianakis and David Krall, for caveator-appellant.*

MARTIN, Chief Judge.

Katherine Ann Crowder Kersey ("caveator") appeals from summary judgment entered in favor of Mary DeBlanc Norfleet ("propounder"), dismissing a caveat proceeding involving the will of Robert L. Kersey ("decedent") on the grounds of the statute of limitations and a failure to prosecute. We reverse and remand.

Caveator and decedent were married sometime in or before 1953. They lived together until the mid-1980's, when caveator moved out of the home and established a separate residence. Caveator lived separate and apart from decedent until decedent's death on 19 August 2001; however, they never divorced, and the record indicates they communicated by telephone with great frequency. Prior to his death, decedent executed both a document purporting to be his last will and testament and a codicil.

Propounder worked as decedent's long-term executive secretary and assisted in managing his contract consulting engagements and personal business affairs. Decedent named propounder as his executrix in his purported will, and she was issued letters testamentary as the executrix of decedent's estate following his death. In the will document, decedent made various monetary bequests, devised certain real property to propounder, and left the remainder of his estate to caveator.

On 19 July 2002, caveator filed a caveat to the will, asserting (1) it was "obtained by [propounder] through undue and improper influence" and (2) decedent "by reason of both physical and mental weakness and infirmity [was] not capable of executing" a will. That same day, the clerk of superior court ordered the cause transferred to superior court for trial. In October 2002, caveator moved to compel the production of decedent's medical records, which the trial court subsequently ordered on 15 November 2002. In a verified response filed 8 September 2004, propounder asserted, in relevant part, defenses of the statute of limitations and failure to prosecute.

On 7 March 2005, propounder moved for summary judgment. In its order, the trial court stated the following:

[T]he statutory requirement imposed upon *Caveator* pursuant to N.C. Gen. Stat. § 31-33 mandating that "Such *Caveator* shall cause notice [citation] of the *Caveat* proceeding to be given to all devisees, legatees, or other persons in interest in the manner provided for service of process by G.S. 1A-1, Rule 4(j) and (k)" requires, as a corollary, that such notice be given contemporaneously in time with the transfer of the cause by the Clerk [of] Superior Court to the Superior Court for trial, or within a reasonable time thereafter, but in no event later than the expiration of the three-year time limitation period provided for by N.C. Gen. Stat. § 31-32[.]"

The trial court, accordingly, allowed propounder's motion for summary judgment "for either or both of the reasons" of the statute of limitations and failure to prosecute. Caveator appeals.

In reviewing an appeal from summary judgment, we must determine whether there exists any "genuine issue as to any material fact" and whether the moving party is entitled to a "judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005); *In re Will of Campbell*, 155 N.C. App. 441, 450, 573 S.E.2d 550, 557 (2002), *disc. review denied*, 357 N.C. 63, 579 S.E.2d 385 (2003). "In ruling on a motion for summary judgment, the court may consider 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits[.]' " *In re Will of Priddy*, 171 N.C. App. 395, 396-97, 614 S.E.2d 454, 456 (2005) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c)). "All such evidence must be considered in the light most favorable to the non-moving party." *Id.* We examine the two bases of the trial court's summary disposition in turn.

### I. Statute of Limitations

**[1]** The relevant statute of limitations for a will caveat proceeding is set forth in N.C. Gen. Stat. § 31-32 (2005):

> At the time of application for probate of any will, and the probate thereof in common form, or at any time within three years thereafter, any person entitled under such will, or interested in the estate, may appear in person or by attorney before the clerk of the superior court and enter a caveat to the probate of such will[.]

In addition, a caveator must comply with the bond requirement under N.C. Gen. Stat. § 31-33 (2005) within the statute of limitations in order for a valid caveat to arise. *In re Will of Winborne*, 231 N.C. 463, 57 S.E.2d 795 (1950). "When the statute of limitations is properly pleaded and the facts of the case are not disputed[,] resolution of the question becomes a matter of law and summary judgment may be appropriate." *Marshburn v. Associated Indemnity Corp.*, 84 N.C. App. 365, 369, 353 S.E.2d 123, 126, *disc. review denied*, 319 N.C. 673, 356 S.E.2d 779 (1987).

In the instant case, decedent's will and accompanying codicil were admitted to probate in common form on 29 August 2001. Caveator filed the caveat on 19 July 2002, well within the three-year period. In addition, the record contains an order entered by the clerk of the Durham County Superior Court on 19 July 2002 that caveator

"has given the bond required by law." Despite caveator's compliance with the statutory requirements, propounder asserts the trial court correctly granted summary judgment on the grounds of the statute of limitations because caveator failed to provide the notice required by N.C. Gen. Stat. § 31-33. Propounder argues such notice, like the bond requirement, must be complied with within the period of the statute of limitations. The error in this argument is manifest: N.C. Gen. Stat. § 31-33 requires a caveator to give an appropriate bond prior to the clerk transferring the cause to the superior court; by way of contrast, notice necessarily comes after the cause is transferred. We hold that where, as here, a caveator enters a caveat to the probate of a will within three years after the application for probate of such will and complies with the bond requirements of N.C. Gen. Stat. § 31-33, the proceeding has been properly filed within the limitations period of N.C. Gen. Stat. § 31-32. Accordingly, we turn to the second basis of the trial court's order.

## II. Failure to Prosecute

[2] Our Rules of Civil Procedure authorize a court to dismiss "an action or . . . any claim therein" against a defendant where a plaintiff fails to prosecute a claim. N.C. Gen. Stat. § 1A-1, Rule 41(b). In the instant case, the trial court dismissed the caveat on this ground upon observing that the notice required by N.C. Gen. Stat. § 31-33 should "be given contemporaneously in time with the transfer of the cause by the Clerk [of] Superior Court . . . for trial, or within a reasonable time thereafter, but in no event later than the expiration of the three-year" statute of limitations as provided in N.C. Gen. Stat. § 31-32. We disavow the trial court's order based on the following reasons.

First, the trial court's dismissal on the basis of failure to prosecute within the statute of limitations improperly conflates the time in which a party may provide notice in a caveat with the time in which a party may commence a caveat. Second, provided a plaintiff has not been lacking in diligence, the mere passage of time does not justify dismissal for failure to prosecute as our courts are primarily concerned with the trial of cases on their merits. *Butler Service Co. v. Butler Service Group*, 66 N.C. App. 132, 136, 310 S.E.2d 406, 408 (1984). "Dismissal for failure to prosecute is proper only where the plaintiff manifests an intention to thwart the progress of the action to its conclusion, or by some delaying tactic plaintiff fails to progress the action toward its conclusion." *Green v. Eure, Secretary of State*, 18 N.C. App. 671, 672, 197 S.E.2d 599, 601 (1973) (citing 5 Moore's Federal Practice, para. 41.11(2)) (reversing dismissal under Rule

41(b) where over two years elapsed between the time the plaintiff filed the complaint and the hearing on the motion to dismiss, and the plaintiff neither took steps to prosecute his action nor requested the Calendar Committee to place the case on the calendar). *See also Simmons v. Tuttle*, 70 N.C. App. 101, 318 S.E.2d 847 (1984) (holding dismissal for failure to prosecute was improper where a plaintiff's counsel was negligent in failing to stay abreast of the calendar as such neglect was not imputable to the plaintiff).

In the instant case, propounder argues dismissal under Rule 41(b) was appropriate because (1) caveator failed to provide appropriate notice within the statute of limitations and (2) caveator failed to proceed in a timely manner, irrespective of the production of medical records, by failing to advance the litigation after the Clerk failed to designate a session of court for the caveat hearing. We have already dismissed as erroneous propounder's reliance on caveator's failure to provide notice. Propounder's second ground is likewise unavailing. Nothing in the record indicates caveator attempted to thwart progress or implemented a delaying tactic that would otherwise justify the trial court's dismissal under Rule 41(b). We hold the trial court erred in dismissing the caveat proceeding on the basis of failure to prosecute under Rule 41(b).

Our resolution of the summary judgment issue renders it unnecessary to address the remaining arguments presented on appeal. We remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges WYNN and STEPHENS concur.