CHARLES H. McKOY, Plaintiff v. HARRIETTE SMITH McKOY, Defendant

. No. COA11-64

(Filed 16 August 2011)

**Divorce—equitable distribution—counterclaim—dismissal—failure to prosecute—lesser sanctions not considered**

The trial court erred by dismissing defendant's counterclaim for equitable distribution pursuant to Rule 41(b) of the Rules of Civil Procedure and Rule 11 of the Wake County Family Court Rules. The court failed to make any findings or conclusions indicating that the court considered lesser sanctions prior to dismissing the claim.

Appeal by defendant from order entered 9 September 2010 by Judge Christine M. Walczyk in Wake County District Court. Heard in the Court of Appeals 8 June 2011.

---

*No brief filed on behalf of plaintiff-appellee.*

*Law Office of Stephanie J. Brown, by Stephanie J. Brown, for defendant-appellant.*

HUNTER, Robert C., Judge.

Defendant Harriette Smith McKoy appeals from the trial court's order dismissing her counterclaim for equitable distribution against plaintiff Charles H. McKoy pursuant to Rule 41(b) of the Rules of Civil Procedure and Rule 11 of the Wake County Family Court Rules, which governs the prosecution of equitable distribution claims. After careful review, we reverse and remand.

## Background

Plaintiff and defendant were married on 12 May 2002. Plaintiff filed a complaint for absolute divorce on 5 September 2007. Defendant filed an answer on 1 November 2007, which included a counterclaim for equitable distribution. Although plaintiff voluntarily dismissed his claim for absolute divorce on 2 October 2008, he subsequently filed another action for an absolute divorce, and the parties were divorced by order entered 30 December 2008.

Plaintiff moved to dismiss defendant's counterclaim for equitable distribution and the trial court conducted a hearing on the motion on 13 August 2010. The trial court subsequently issued an order on 9 September 2010 dismissing defendant's counterclaim with prejudice pursuant to Rule 41(b) for "fail[ure] to prosecute her claim for equitable distribution" and for "fail[ure] to comply" with the rules of civil procedure. The court also determined that defendant's counterclaim should be dismissed under Rule 11 of the Wake County Family Court Rules. Defendant timely appealed to this Court.

## Discussion

In arguing for reversal of the trial court's dismissal of her claim, defendant contends that the court erred by not considering "whether any sanction less severe than dismissal would be appropriate and sufficient" under the circumstances of this case. We agree.

Rule 41(b) provides in pertinent part that, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him." N.C. R. Civ. P. 41(b). Thus, under Rule 41(b), a claim may be dismissed for one of three reasons: failure to

prosecute the claim, failure to comply with the rules of civil procedure, or failure to comply with a court order. *Spencer v. Albemarle Hosp.*, 156 N.C. App. 675, 678, 577 S.E.2d 151, 153 (2003).

Although Rule 41(b) only explicitly references dismissal as a possible sanction for default, our courts have recognized that the trial court has the "inherent power" under the rule to impose lesser sanctions. *Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 674, 360 S.E.2d 772, 776 (1987); *accord McLean v. Mechanic*, 116 N.C. App. 271, 275, 447 S.E.2d 459, 461 (1994) (observing that "[a]lthough a dismissal with prejudice pursuant to Rule 41(b) is available as a sanction," such a dismissal "is not the only available sanction"), *disc. review denied*, 339 N.C. 738, 454 S.E.2d 653-54 (1995). While certainly not exhaustive, other sanctions the trial court may impose include " '[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings . . . .' " *Daniels*, 320 N.C. at 674, 360 S.E.2d at 776 (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982)).

Because involuntary dismissal of a claim is "one of the harshest sanctions at a trial court's disposal," effectively "extinguish[ing] the [party]'s cause of action and den[ying] [the party] his [or her] day in court[,]" *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 251 (2d Cir. 2004), and because "[a]n underlying purpose of the judicial system is to decide cases on their merits, not dismiss parties' causes of action for mere procedural violations[,]" *Wilder v. Wilder*, 146 N.C. App. 574, 576, 553 S.E.2d 425, 427 (2001), the trial court may, in its discretion, dismiss a party's claim only upon "determin[ing] that less drastic sanctions will not suffice." *Harris v. Maready*, 311 N.C. 536, 551, 319 S.E.2d 912, 922 (1984). Consequently, "[t]he trial court must, before dismissing an action with prejudice, make findings [of fact] and conclusions [of law] which indicate that it has considered less drastic sanctions." *Cohen v. McLawhorn*, ___ N.C. App. ___, ___, 704 S.E.2d 519, 528 (2010). "If the trial court undertakes this analysis, its resulting order will be reversed on appeal only for an abuse of discretion." *Foy v. Hunter*, 106 N.C. App. 614, 620, 418 S.E.2d 299, 303 (1992).

Here, in support of its conclusion that "the Plaintiff [wa]s . . . entitled to an Order dismissing the Defendant's claim for equitable distribution" under Rule 41(b), the trial court found that plaintiff filed his complaint for divorce on 5 September 2007; that defendant filed her answer and counterclaim on 1 November 2007; that plaintiff filed his

reply to the counterclaim on 21 November 2007; that, after initially filing the equitable distribution claim, there was "no activity" until 27 January 2010, when defendant filed a "Motion for Order Allowing Entry on Land." The court further found that, during this 26-month period, defendant, in violation of Rule 11 of the Wake County Family Court Rules and N.C. Gen. Stat. § 50-20 *et seq.*, "failed to schedule a status conference or a scheduling and discovery conference related to her claim"; "failed to schedule or calendar any dates for an initial pretrial or final pre-trial conference"; "failed to produce any initial disclosures"; and "failed to produce an Equitable Distribution Inventory Affidavit . . . ."

Although the trial court's order does include findings of fact and conclusions of law addressing defendant's failure to prosecute her equitable distribution counterclaim, the order is completely devoid of any findings or conclusions indicating that the court considered lesser sanctions prior to dismissing the claim. Without findings and conclusions demonstrating that "the trial court [has] undertake[n] this analysis," *Foy*, 106 N.C. App. at 620, 418 S.E.2d at 303, we are compelled to conclude that the trial court erred in dismissing defendant's claim. *See Wilder*, 146 N.C. App. at 577, 553 S.E.2d at 427 (reversing dismissal where, although "the trial court made some findings of fact and conclusions of law concerning plaintiff's failure to prosecute," the "trial court did not consider in the record whether lesser sanctions were appropriate for plaintiff's failure to prosecute"); *Foy*, 106 N.C. App. at 620, 418 S.E.2d at 303 (reversing dismissal where "[t]he record show[ed] that the trial court dismissed the plaintiffs' action with prejudice without assessing the appropriateness of sanctions less severe than dismissal with prejudice"). Accordingly, we vacate the trial court's order dismissing defendant's claim for equitable distribution and remand the case for consideration of whether lesser sanctions are appropriate in this case. .

In addition to ruling that dismissal was warranted under Rule 41(b), the trial court also relied on Rule 11 of the Wake County Family Court Rules as a separate, independent basis for "dismissing the Defendant's claim for equitable distribution." This local rule, which sets out the procedures for prosecuting an equitable distribution claim, also authorizes the trial court to impose sanctions for failing to comply with the procedures:

> Failure to comply with these Rules may result in sanctions, including: dismissal of a claim with or without prejudice, award

of attorney fees to the non-offending party, refusal to allow evidence from the offending party as to some or all of the issues in the case, contempt, and any other sanction allowed by law.

Wake County Family Court Rule 11.3.

Although Rule 11.3 does not explicitly require the trial court to consider lesser sanctions before dismissing an equitable distribution claim for non-compliance, this Court has interpreted other rules and statutes which, while "provid[ing] dismissal as an appropriate sanc-tion[,] do not expressly require a trial court to consider lesser sanctions before ordering a dismissal," as "include[ing] such a requirement." *Page v. Mandel*, 154 N.C. App. 94, 101, 571 S.E.2d 635, 639 (2002), *disc. review denied*, 356 N.C. 676, 577 S.E.2d 631 (2003); *accord Goss v. Battle*, 111 N.C. App. 173, 176, 432 S.E.2d 156, 159 (1993) ("Dismissal is specifically listed as an appropriate sanction in N.C. R. Civ. Proc. 41(b) and G.S. § 1-109. The language of these provisions does not expressly require a trial court to consider lesser sanctions before dismissing. However, our courts have interpreted these provisions to require a trial court to consider lesser sanctions before ordering a dismissal pursuant to these provisions."). We similarly conclude that the trial court, before dismissing a claim pursuant to a local court rule, must consider sanctions less severe than dismissal and must make sufficient findings and conclusions indicating that the court performed this analysis.

Here, the trial court found that defendant, in violation of Rule 11, had failed to schedule and calendar several required conferences, as well as failing to file initial disclosures and produce an equitable distribution inventory affidavit. As with N.C. R. Civ. P. 41(b), however, the court made no findings of fact or conclusions of law indicating that it considered less drastic sanctions before dismissing defendant's claim pursuant to Rule 11.3 of the Wake County Family Court Rules. Accordingly, we conclude that the trial court erred in dismissing the claim with prejudice under this rule. On remand, the trial court should consider whether sanctions less severe than dismissal are appropriate under Rule 11.3 and should make findings of fact and conclusions of law demonstrating that it undertook this analysis.

Vacated and remanded.

Judges STROUD and Robert N. HUNTER, Jr. concur.