Brunner v. Lodge on Lake Lure, LLC, 2016 NCBC 84.

STATE OF NORTH CAROLINA

RUTHERFORD COUNTY

HORST V. BRUNNER,

         Plaintiff,

v.

THE LODGE ON LAKE LURE, LLC,

         Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 221

ORDER AND OPINION ON MOTION
FOR INVOLUNTARY DISMISSAL

1.    **THIS MATTER** is before the Court *ex mero motu* and on the Motion for Involuntary Dismissal ("Motion") filed by David R. Hillier, duly-appointed Receiver ("Receiver") for Defendant The Lodge on Lake Lure, LLC ("Defendant" or "the Lodge"), in the above-captioned case. Having reviewed the Motion and the Court's docket in this case and the Related Cases, as that term is defined below, the Court hereby **GRANTS** the Motion.

> *Gum, Hillier & McCroskey, P.A., by David R. Hillier, as Receiver for Defendant The Lodge on Lake Lure, LLC.*

Bledsoe, J.

I.

PROCEDURAL HISTORY

2.    The above case is one of several related matters pending before the Court involving claims against the Lodge. *McCarthy v. The Lodge on Lake Lure,* LLC, No. 15 CVS 1156 (Rutherford County) was designated to the Court as a mandatory complex business case and assigned to the undersigned on November 16, 2015. On

December 21, 2015, the Chief Justice of the North Carolina Supreme Court designated to the undersigned as Rule 2.1/2.2 complex business cases: (1) this action; (2) *Hopke v. The Lodge Catering Service*, No. 14 CVS 797 (Rutherford County); and (3) *Brunner v. Brunner*, 14 CVS 918 (Rutherford County). On January 14, 2016, the Chief Justice also designated *Bellin v. The Lodge Catering Service*, No. 14 CVS 1086 (Rutherford County) to the undersigned as a Rule 2.1/2.2 complex business case. Collectively, the Court refers to these five cases as the "Related Cases."

3. In a January 15, 2016 order in each of the Related Cases, the Court ordered the parties in the Related Cases to participate in a joint mediation. All parties, except for Plaintiff Horst V. Brunner ("Brunner"), participated in a single mediation on April 21, 2016. In a May 9, 2016 Motion for Order Approving Interim Distribution filed in this action, the Receiver reported that the parties in the Related Cases had reached a settlement agreement to resolve the remaining claims in the Related Cases. Brunner has not appeared in any of the Related Cases since their designation to the undersigned, and he did not participate in the mediation. As a result, the settlement did not resolve his claims in this action.

4. The Court's June 30, 2016 order in each of the Related Cases approved the Receiver's proposed final accounting and final distribution and directed the Receiver to disburse funds held in receivership to effectuate the parties' settlement agreement. In that order, the Court also directed counsel to file voluntary dismissals in each action once the settlement had been effectuated to comply with the settlement agreement. In light of Brunner's lack of participation in the Related Cases to date,

the Court forecast in the June 30, 2016 order that it would entertain a motion for involuntary dismissal in this action in the event Brunner remained absent from this litigation.

5.      The Receiver filed the present Motion on July 19, 2016.  The Receiver's Motion seeks involuntary dismissal of this action—15 CVS 221—for Brunner's failure to prosecute this lawsuit.  The briefing period on the Motion has since concluded, Brunner has failed to respond to the Motion or otherwise appear, and the Motion is ripe for resolution.

II.

LEGAL STANDARD

6.      "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him."  N.C. R. Civ. P. 41(b).  "Unless the court in its order for dismissal otherwise specifies, a dismissal under this section . . . operates as an adjudication upon the merits."  *Id.*

7.      In light of the severity of dismissal as a sanction in a civil case, "the trial court must . . . consider lesser sanctions when dismissing a case pursuant to Rule 41(b) for failure to prosecute."  *Wilder v. Wilder*, 146 N.C. App. 574, 576, 553 S.E.2d 425, 426–27 (2001).  Specifically, a trial court judge must consider "(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice."  *Id.* at 428, 146 N.C. App. at 578.

III.

FINDINGS OF FACT

8. The Court makes the following FINDINGS OF FACT for the purpose of ruling on the MOTION:

9. Brunner is "a German national who resides in Rutherford County, North Carolina . . . and also in South Africa." (Compl. ¶ 1.) He is the sole Plaintiff in this action, and he also is a Defendant in three of the Related Cases: 14 CVS 797, 15 CVS 1156, and 14 CVS 918.

10. The Lodge is a North Carolina limited liability company whose principal asset was a piece of commercial real estate in Lake Lure, North Carolina. (Compl. ¶ 2.) Brunner is the principal and sole member of the Lodge. (Compl. ¶ 1.)

11. Brunner filed this action on December 19, 2014, bringing claims for judicial dissolution, the appointment of a receiver, and the resolution of claims against the Lodge. (Compl. ¶ 15.) Brunner had apparently located a purchaser for the Lodge's property but was unable to convey the property because of the pending claims against the Lodge. (Compl. ¶ 13.)

12. On April 30, 2015, prior to the transfer of any of the Related Cases to the undersigned, Senior Resident Superior Court Judge J. Thomas Davis appointed David R. Hillier as Receiver for the Lodge in this action. Judge Davis found that a receiver was necessary to manage the Lodge given the likelihood of success on the merits of Plaintiff's claim for judicial dissolution. At the time of the appointment, the

Lodge's real estate had already been liquidated, and those proceeds comprised substantially all of the Lodge's remaining assets.

13. On May 21, 2015, several months before any of the Related Cases were assigned to the undersigned, the Rutherford County Clerk of Superior Court entered default against Brunner for his failure to answer or otherwise respond to the complaint in 14 CVS 797. Superior Court Judge Marvin P. Pope entered a default judgment against Brunner in that action two months later in the amount of $137,783.60.

14. Since designation to the undersigned, Brunner has not made any appearances before the Court nor has he otherwise participated or been represented by counsel in this action or in any of the other Related Cases.

15. Through the parties' mediation, the Receiver has resolved all claims brought against the Lodge in the Related Cases, except for Brunner's claims in this action. As the parties effectuate the settlement agreement and resolve the Related Cases, the Receiver desires to seek an order from the Court terminating the receivership.

16. Brunner has not responded to the Receiver's Motion for Involuntary Dismissal in this action.

17. The Court has considered lesser sanctions against Brunner, including monetary sanctions and the exercise of its contempt powers.

IV.

CONCLUSIONS OF LAW

18. The Court makes the following CONCLUSIONS OF LAW for the purpose of ruling on the MOTION:

19. "Provided a plaintiff has not been lacking in diligence, the mere passage of time does not justify dismissal for failure to prosecute as our courts are primarily concerned with the trial of cases on their merits." *In re Will of Kersey*, 176 N.C. App. 748, 751, 627 S.E.2d 309, 311 (2006) (citation omitted). Nevertheless, the Court may properly dismiss a claim for failure to prosecute "where the plaintiff manifests an intention to thwart the progress of the action to its conclusion, or by some delaying tactic plaintiff fails to progress the action toward its conclusion." *Id.*

20. Brunner's abandonment of his claims in this case and the other Related Cases deliberately and unreasonably delays the final adjudication of this action. Brunner's nonparticipation in this case and in the other Related Cases, including the entry of default judgment against him in 14 CVS 797 more than one year ago, goes beyond a "mere passage of time" and constitutes an unreasonable delay of this litigation similar to that found and affirmed in *Cohen v McLawhorn*, 208 N.C. App. 492, 704 S.E.2d 519 (2010). In *Cohen*, the Court of Appeals affirmed the trial court's conclusion that the plaintiff had deliberately and unreasonably delayed the matter where "plaintiff did absolutely nothing to prosecute his case over more than a year's time, and, then, when defendants calendared the trial in order to have the case resolved, plaintiff ignored the trial." *Id.* at 502–03, 704 S.E.2d at 527.

21.    Here, the Receiver's most recent fee report reflects that Brunner has been in communication with the Receiver as recently as April 2016. (Receiver's Consent Mot. to Approve Receiver's Final Accounting and Final Distribution, Ex. A.) Nevertheless, Brunner has failed to make an appearance, participate in the court-required mediation on April 21, 2016, respond to the Motion, or take any action in connection with the prosecution of this case since prior to this action's transfer to the undersigned over ten months ago. On the basis of this conduct, the Court concludes that Brunner's "wholesale failure to prosecute . . . constitute[s] a delaying tactic" sufficient to support a conclusion that the first *Wilder* factor is satisfied. *Cohen*, 208 N.C. App. at 503, 704 S.E.2d at 527. *See also Foy v. Hunter*, 106 N.C. App. 614, 618, 418 S.E.2d 299, 302 (1992) ("Whether a plaintiff . . . has engaged in some delaying tactic may be inferred from the facts surrounding the delay in the prosecution of the case.").

22.    With regard to the second *Wilder* factor, the Lodge is significantly prejudiced by Brunner's failure to prosecute this case. In a Rule 41(b) analysis, evaluating the prejudice to a defendant may include consideration of the time, energy, and finances expended. *United States v. Merrill*, 258 F.R.D. 302, 309 (E.D.N.C. 2009) (applying F.R. Civ. P. 41(b) and considering the significant time and energy expended by defendants to advance their interests in the litigation).[1] Indeed, our Court of Appeals has affirmed a Rule 41(b) dismissal based upon a trial court's conclusions

---

[1] Federal Rule of Civil Procedure 41(b) is nearly identical to North Carolina's Rule 41(b), and cases construing the federal Rule 41(b) have instructional value in North Carolina. *Wilder*, 146 N.C. App. at 577–78, 553 S.E.2d at 427.

that the plaintiff's failure to prosecute had prejudiced defendants who had, over six years, "expended considerable time and resources" and "participated reasonably and actively to reach a resolution" in the case. *Lentz v. Phil's Toy Store*, 228 N.C. App. 416, 423, 747 S.E.2d 127, 132 (2013).

23. In this case, at the time of the Receiver's appointment, substantially all of the Lodge's assets had already been liquidated, and the Receiver's primary task was to resolve claims against the Lodge. The Receiver, together with counsel for all other parties in the Related Cases, has reached a settlement agreement resolving all of the outstanding claims against the Lodge in the Related Cases.[2] Judge Davis's order found that the appointment of the Receiver was necessary "pending the Court's decision on dissolution and if dissolution is decreed to wind up the defendant and complete the dissolution." (Order Appointing Receiver ¶ 4.) If Brunner's abandoned claim for dissolution is not dismissed, the Lodge will be forced to remain in a receivership, despite the fact that the Receiver has already expended significant time and resources in fulfilling his duties on behalf of the Lodge. The Court therefore concludes that the Lodge will be significantly prejudiced if Brunner's claims are not dismissed.

24. As to the final *Wilder* factor, the Court has considered less drastic sanctions to address Brunner's failure to prosecute this case, and the Court concludes that no sanction short of dismissal will suffice in the circumstances presented here. In

---

[2] The sale of the Lodge's real property and the resolution of claims against it were primary motives in Brunner's bringing this action. Because Brunner has essentially received the relief he originally requested, the Court further concludes that Brunner is unlikely to appear and bring this case to conclusion.

considering lesser sanctions, the Court "is not required to list and specifically reject each possible lesser sanction prior to determining that dismissal is appropriate." *Badillo v. Cunningham*, 177 N.C. App. 732, 735, 629 S.E.2d 909, 911 (2006).

25. The Court concludes that lesser sanctions would not be effective in this case. The Court could impose a monetary sanction or use its contempt powers to compel Brunner's compliance and participation. However, Brunner has already suffered a six-figure default judgment against him in one of the Related Cases, which he has not sought to contest or vacate since its entry over a year ago. Brunner's apparent tolerance of that judgment suggests that any sanction against him in this action short of dismissal will not impose a unique penalty likely to compel Brunner's renewed litigation of this action.

26. Having considered the relevant factors under *Wilder*, the Court concludes, based upon its findings of facts and conclusions of law, as well as in the exercise of its discretion, that Brunner has failed to prosecute this action and that dismissal under N.C. R. Civ. P. 41(b) is warranted.

27. **WHEREFORE**, the Court hereby **GRANTS** the Motion and **DISMISSES** Plaintiff's Complaint with prejudice.

**SO ORDERED**, this the 3rd day of November, 2016.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases