Krawiec v. Bogosavac, 2018 NCBC 85.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 1927

MICHAEL KRAWIEC, JENNIFER
KRAWIEC, and HAPPY DANCE,
INC./CMT DANCE, INC. (d/b/a
FRED ASTAIRE FRANCHISED
DANCE STUDIOS),

　　　　Plaintiffs,

v.

RANKO BOGOSAVAC, and
DARINKA DIVLJAK,

　　　　Defendants.

**ORDER AND OPINION
DISMISSING PLAINTIFFS'
AMENDED COMPLAINT**

1.　**THIS MATTER** is before the Court, *sua sponte*, on this Court's Order to Show Cause and Notice of Hearing filed July 13, 2018 (the "Order to Show Cause") requiring Plaintiffs Michael Krawiec ("Mr. Krawiec"), Jennifer Krawiec ("Mrs. Krawiec"), and Happy Dance, Inc. ("Happy Dance," collectively with Mr. and Mrs. Krawiec, "Plaintiffs") to appear and show cause why their Amended Complaint against Defendants Ranko Bogosavac and Darinka Divljak (collectively, "Defendants") should not be dismissed with prejudice for failure to prosecute this action.

2.　The Court held a hearing on the Order to Show Cause on August 14, 2018 ("Show Cause Hearing"), at which Defendants were represented by counsel. Plaintiffs failed to appear. The Court hereby memorializes its oral rulings at the Show Cause Hearing, and, in the exercise of its discretion and for good cause shown, **DISMISSES**

Plaintiffs' Amended Complaint against Defendants with prejudice for the reasons set forth below.

> *Brock & Scott, PLLC, by Renner St. John, for Defendants Ranko Bogosavac and Darinka Divljak.*

> *Plaintiffs did not appear.*

Bledsoe, Chief Judge.

## I.

## FINDINGS OF FACT

3. Plaintiffs initiated this action on February 3, 2015 and filed an Amended Complaint on August 24, 2015. Defendants thereafter moved to dismiss the Amended Complaint.

4. On January 22, 2016, the Court issued an Order and Opinion on Defendants' Motions to Dismiss Plaintiffs' Amended Complaint, dismissing some of Plaintiffs' claims against Defendants. *See Krawiec v. Manly*, 2016 NCBC LEXIS 7 (N.C. Super. Ct. Jan. 22, 2016) ("Order and Opinion").

5. Plaintiffs timely appealed the Court's Order and Opinion to the Supreme Court of North Carolina.

6. On March 24, 2016, the Court stayed all proceedings in this matter pending the resolution of Plaintiffs' appeal.

7. The Supreme Court affirmed the Court's dismissal of Plaintiffs' claims on April 6, 2018. *See Krawiec v. Manly*, 370 N.C. 602, 811 S.E.2d 542 (2018).

8. After the mandate of the Supreme Court was issued and the Court's stay of case activity was lifted, the Court's law clerk emailed counsel for all parties on May 17, 2018 in an attempt to schedule a case management conference and a hearing on Defendants' Motion to Amend Counterclaim, which was filed prior to the Court's entry of the stay pending appeal.

9. The following day, Plaintiffs' counsel at that time, Nicole Hatcher and the law firm of Hatcher Legal, PLLC, filed a motion to withdraw as counsel for Plaintiffs, citing nonpayment of legal fees. The Court granted the motion to withdraw on May 21, 2018 ("May 21 Order").

10. In the May 21 Order, the Court advised Plaintiffs that "in North Carolina, a corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed *pro se*," citing *LexisNexis, Div. of Reed Elsevier, Inc. v. Travishan Corp.*, 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002). (Order Mot. Withdraw 2, ECF No. 51.) The Court stayed the initiation of activity in this case for thirty days to permit Plaintiffs an opportunity to retain new counsel for Happy Dance.

11. On May 21, 2018, Defendants filed and served a Notice of Withdrawal of their counterclaim against Mr. Krawiec.

12. On June 15, 2018, Mr. Krawiec sent an email to Defendants' counsel, Renner St. John ("Ms. St. John"), bearing a salutation to the Court's law clerk. In the email, Mr. Krawiec stated that if the Defendants dropped their counterclaim, he intended to "drop the case all together." Mr. Krawiec concluded his email by inquiring "how to best go about dropping my case."

13. Defendants' counsel responded to Mr. Krawiec by email the following day stating that Defendants had voluntarily withdrawn their counterclaim against him on May 21, 2018.

14. On June 25, 2018, the Court noticed a status conference for July 12, 2018. The Court ordered all parties and counsel to participate in the conference.

15. Thereafter, on July 3, 2018, the Court ordered the parties to prepare and file a revised Business Court Rule 9.2 case management report no later than July 11, 2018. Plaintiffs failed to participate in the preparation of the revised case management report as required under Business Court Rule 9.2 and as ordered by the Court.

16. On July 9, 2018, the Court's law clerk received an email from Mr. Krawiec in which Mr. Krawiec stated that he had "not secured replacement council [sic]" and that his "intent was to drop his claim[s], provided that the defendants drop their counter claim."

17. The Court's law clerk, acting for the Court, responded via email that same day, informing Mr. Krawiec that (i) Defendants dropped their counterclaim against him on May 21, 2018, (ii) he and Mrs. Krawiec were required to participate in the July 12 status conference in the event they did not retain counsel, and (iii) North Carolina law requires a corporation like Happy Dance to be represented by an attorney duly licensed in North Carolina to appear and participate in a civil action in the courts of this State.

18. The Court held the telephone status conference on July 12, 2018 ("July 12 Conference") as noticed. Ms. St. John participated in the telephone conference for Defendants, but Plaintiffs failed to participate either in person or through counsel.

19. The next day, on July 13, 2018, the Court issued the Order to Show Cause, ordering Plaintiffs to appear at the Show Cause Hearing on August 14, 2018 and show cause why their Amended Complaint should not be dismissed for failure to prosecute this action. The Court specifically advised in the Order to Show Cause that "in the event Plaintiffs do not appear as ordered, the Court will dismiss Plaintiffs' Amended Complaint, and the claims contained therein against Defendants, with prejudice." (Order Show Cause 5, ECF No. 56.)

20. Ms. St. John appeared at the August 14 Show Cause Hearing on behalf of Defendants. Plaintiffs failed to appear at the Show Cause Hearing, either in person or through counsel.

21. Happy Dance has not retained counsel since the May 21 Order, despite (i) the Court's admonition that Happy Dance, as a North Carolina corporation, may not appear in the courts of this State unless represented by an attorney duly licensed to practice law in North Carolina and (ii) the thirty-day stay the Court entered to facilitate Plaintiffs' retention of new counsel for Happy Dance.

22. Mrs. Krawiec has not retained counsel or associated herself with the case through the North Carolina Business Court's e-filing system, despite the Court's repeated instructions and efforts to contact her about this matter.

23.    Mr. Krawiec has not retained counsel, and although Mr. Krawiec has created an account for the Business Court's e-filing system, he has not associated his account with this case, despite the Court's repeated instructions that he do so.

24.    Since the Supreme Court's April 6, 2018 decision in this case, Plaintiffs have taken no action to prosecute their claims, have repeatedly indicated their intention and desire to dismiss Plaintiffs' claims in their entirety, and have failed to comply with this Court's orders or directives requiring Plaintiffs (i) to retain counsel for Happy Dance should Happy Dance wish to prosecute its claims in this case, (ii) to participate in the preparation of a case management report, (iii) to appear for the July 12 Conference, and (iv) to appear and show cause at the Show Cause Hearing why their suit should not be dismissed with prejudice for failure to prosecute.

II.

CONCLUSIONS OF LAW

25.    "[U]nder Rule 41(b) [of the North Carolina Rules of Civil Procedure], a claim may be dismissed for one of three reasons: failure to prosecute the claim, failure to comply with the rules of civil procedure, or failure to comply with a court order." *McKoy v. McKoy*, 214 N.C. App. 551, 552–53, 714 S.E.2d 832, 833 (2011).    "Dismissal for failure to prosecute is proper only where the plaintiff manifests an intention to thwart the progress of the action to its conclusion, or by

some delaying tactic plaintiff fails to progress the action toward its conclusion." *In re Will of Kersey*, 176 N.C. App. 748, 751, 627 S.E.2d 309, 311 (2006).

26.    Based upon the evidence of record and the events described above, the Court concludes that Plaintiffs have (i) after receipt of proper notice, failed to comply with the Court's orders or directives dated June 25, 2018; July 3, 2018; July 9, 2018; and July 13, 2018 without just cause or excuse, and (ii) "manifest[ed] an intention to thwart the progress of this action to its conclusion." *Id.*

27.    Involuntary dismissal of a party's claims "is one of the harshest sanctions at a trial court's disposal." *McKoy*, 214 N.C. App. at 553, 714 S.E.2d at 833 (internal quotation marks omitted). Therefore, the trial court may dismiss a party's claim "only upon 'determining that less drastic sanctions will not suffice.'" *Id.* (quoting *Harris v. Maready*, 311 N.C. 536, 551, 319 S.E.2d 912, 922 (1984)). As a result, the Court must "make findings of fact and conclusions of law which indicate that it has considered less drastic sanctions" before it dismisses an action. *Id.* In so doing, the Court must address the following factors: "(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice." *Spencer v. Albemarle Hosp.*, 156 N.C. App. 675, 678, 577 S.E.2d 151, 153 (2003).

28.    Plaintiffs have manifested their intention and desire to dismiss their claims against Defendants but have failed to do so and have otherwise failed to participate in this litigation since the Supreme Court's April 6, 2018 decision. Plaintiffs' failure

to participate in the litigation has included their failure to comply with the June 25, 2018; July 3, 2018; July 9, 2018; and July 13, 2018 orders or directives of this Court. Plaintiffs' conduct has deliberately and unreasonably delayed this matter and has caused Defendants unfair prejudice by unnecessarily delaying the final resolution of the matters at issue in this litigation. The Court has considered lesser sanctions and concludes that lesser sanctions would not adequately address Plaintiffs' conduct, alleviate the unfair prejudice suffered by Defendants, and achieve Plaintiffs' stated desire to have their claims dismissed and this litigation concluded.

29.     Based on the foregoing, the Court concludes, in the exercise of its discretion and for good cause shown, that Plaintiffs' Amended Complaint, and the claims contained therein against Defendants, should be dismissed with prejudice for Plaintiffs' failure to prosecute this action, including Plaintiffs' failure to comply with this Court's orders and directives as set forth above.

III.

CONCLUSION

30.     **WHEREFORE**, the Court hereby **ORDERS, ADJUDGES** and **DECREES** that Plaintiffs' Amended Complaint, and all of the claims contained therein, are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this the 16th day of August, 2018.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge