Vizant Techs., LLC v. YRC Worldwide Inc., 2020 NCBC 43.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 20654

VIZANT TECHNOLOGIES, LLC,

        Plaintiff,

v.

YRC WORLDWIDE INC.,

        Defendant.

**ORDER AND OPINION ON
DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S REMAINING CLAIMS**

1.     **THIS MATTER** is before the Court on Defendant YRC Worldwide Inc.'s ("YRC") Motion to Dismiss Vizant's Remaining Claims ("Motion") under Rule 41(b) of the North Carolina Rules of Civil Procedure ("Rule(s)"). (ECF No. 255.) In the exercise of its discretion, the Court elects to rule on the Motion without a hearing. *See* Business Court Rule 7.4.

2.     Having considered the Motion, the related briefing, and all other relevant materials, the Court **GRANTS** the Motion and **DISMISSES** Plaintiff's Amended Complaint with prejudice for the reasons set forth below.

    *Strauch Green & Mistretta, P.C., by Jack M. Strauch and Jessie C. Fontenot, for Defendant YRC Worldwide Inc.*

    *Plaintiff Vizant Technologies, LLC did not appear.*

Bledsoe, Chief Judge.

# FINDINGS OF FACT[1]

3.    Plaintiff Vizant Technologies, LLC ("Vizant") initiated this action against Defendant YRC on November 10, 2015, alleging claims for declaratory and injunctive relief and for damages for breach of contract.  (Compl., ECF No. 1.)  The case was subsequently designated as a mandatory complex business case on March 8, 2016 and assigned to the undersigned.  (Designation Order, ECF No. 5.)

4.    After the completion of discovery, the parties filed cross-motions for summary judgment on Vizant's breach of contract claim on January 19, 2018.  (Pl.'s Mot. Summ. J., ECF No. 83; Def.'s Mot. Summ. J., ECF No. 87.)  The Court denied both motions ("June 26, 2018 Order").  (Order & Op. Cross Mots. Summ. J. & Def.'s Mot. Strike, ECF No. 196); *Vizant Techs., LLC v. YRC Worldwide, Inc.*, 2018 NCBC LEXIS 65, at *30–31 (N.C. Super. Ct. June 26, 2018).

5.    YRC subsequently sought the Court's reconsideration of the June 26, 2018 Order ("Motion for Reconsideration"), (Def.'s Mot. Recons., ECF No. 199), and after permitting supplemental briefing, the Court granted YRC's Motion for Reconsideration and dismissed Vizant's breach of contract claim to the extent it sought damages related to savings YRC supposedly achieved in having customers switch to certain automated clearing house  batch payments ("November 15, 2018 Order"), (Further Order & Op. Def. YRC Worldwide Inc.'s Mot. Summ. J., ECF No. 219); *Vizant Techs., LLC v. YRC Worldwide, Inc.*, 2018 NCBC LEXIS 155, at *33 (N.C.

---

[1] Any determination later stated as a Conclusion of Law that should have been stated as a finding of fact is incorporated into these Findings of Fact.

Super. Ct. Nov. 15, 2018). Vizant appealed the Court's ruling ("Appeal"), (Pl.'s Notice Appeal, ECF No. 221), and, on February 28, 2020, the Supreme Court of North Carolina affirmed the Court's November 15, 2018 Order in a *per curiam* decision ("Supreme Court Decision"), *Vizant Techs., LLC v. YRC Worldwide, Inc.*, 373 N.C. 549, 838 S.E.2d 616 (2020).

6. After the mandate issued following the Supreme Court Decision, the Court sought the parties' cooperation in scheduling certain matters relating to the trial of the remaining claims and issues in this case. Shortly thereafter, on March 23, 2020, Vizant's then counsel, Sara R. Lincoln and her firm, Lincoln Derr PLLC, moved to withdraw from further representation of Vizant ("Motion to Withdraw"), (Mot. Withdraw Counsel, ECF No. 250), citing nonpayment of legal fees and asserting that Vizant was now "a defunct entity having gone through Chapter 7 bankruptcy that was closed on December 6, 2019[,]" (Mem. Law Supp. Mot. Withdraw Counsel 1, ECF No. 251). After requiring and receiving supplemental briefing and evidence, the Court granted the Motion to Withdraw on April 1, 2020 ("April 1, 2020 Order"). (Order Mot. Withdraw Counsel, ECF No. 254.)

7. On April 29, 2020, Defendant filed the Motion, seeking dismissal of the action for Vizant's failure to prosecute its claims. Vizant did not file a response.

8. Based on the evidence of record, the Court finds and concludes that unbeknownst to the Court or counsel for the parties:

    a. On March 15, 2019 and while the Appeal was pending, Vizant sold substantially all of its assets to RedBridge USA, Inc. ("RedBridge").

Vizant's claims in this action were listed as "Excluded Assets" in that transaction and thus were not sold to Redbridge. (Suppl. Mot. Withdraw Counsel Ex. B, at § 1.02(b), Ex. D, ECF No. 253.2.)

b.  On April 8, 2019 and again while the Appeal was pending, Vizant filed a Chapter 7 Voluntary Petition in Bankruptcy in the United States Bankruptcy Court for the Eastern District of Pennsylvania (Petition No. 19-12230-amc) ("Bankruptcy Case"), (Mem. Law Supp. Mot. Withdraw Counsel Ex. 1 [hereafter "Bankruptcy Docket"], ECF No. 251.1), listing Lincoln Derr PLLC as a Vizant creditor. Vizant incorrectly identified Lincoln Derr PLLC's mailing address and consequently failed to provide Lincoln Derr PLLC notice of the bankruptcy proceedings. (Mem. Law Supp. Mot. Withdraw Counsel Ex. 2, ECF No. 251.2.)

c.  No provision was made for Vizant's claims in this action in the Bankruptcy Case, and the Bankruptcy Case was terminated by an order dated December 6, 2019 after the bankruptcy court accepted the bankruptcy trustee's conclusion that no assets were available for distribution to creditors. (Bankruptcy Docket.)

d.  The Delaware Secretary of State's Corporations Section currently reflects Vizant's corporate formation status as "Cancelled, Failure to appoint R/A." (Suppl. Mot. Withdraw Counsel Ex. A, ECF No. 253.1.) Under Delaware law, cancellation of Vizant's certificate of formation

terminated Vizant's legal existence as a matter of law. *See* 6 Del. C. § 18-201(b) ("A limited liability company formed under this chapter shall be a separate legal entity, the existence of which as a separate legal entity shall continue until cancellation of the limited liability company's certificate of formation.").

e. Vizant has not retained new counsel to represent it in this action following the Court's April 1, 2020 Order and has not taken any action to prosecute its remaining claims since the issuance of the Supreme Court Decision on February 28, 2020.

9. The Motion is now ripe for resolution.

II.

CONCLUSIONS OF LAW[2]

10. Under Rule 41(b), "a defendant may move for dismissal of an action or of any claim therein against him" for, among other reasons, "failure of the plaintiff to prosecute[.]" N.C. R. Civ. P. 41(b); *see also Greenshields, Inc. v. Travelers Prop. Cas. Co. of Am.*, 245 N.C. App. 25, 33, 781 S.E.2d 840, 845 (2016). YRC argues that because Vizant is "unwilling to proceed to trial on any of its remaining claims, it is proper for this Court to dismiss Vizant's claims with prejudice." (Br. Supp. YRC's Mot. Dismiss Vizant's Remaining Claims 1, ECF No. 255.1.) The Court agrees.

11. "Dismissal for failure to prosecute is proper only where the plaintiff manifests an intention to thwart the progress of the action to its conclusion, or by

---

[2] Any Findings of Fact that are more appropriately deemed Conclusions of Law are incorporated by reference into the Court's Conclusions of Law.

some delaying tactic plaintiff fails to progress the action toward its conclusion." *In re Will of Kersey*, 176 N.C. App. 748, 751, 627 S.E.2d. 309, 311 (2006). In deciding whether to dismiss an action under Rule 41(b), the Court must address the following factors: "(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice." *Greenshields*, 245 N.C. App. at 33, 781 S.E.2d at 845 (quoting *Wilder v. Wilder*, 146 N.C. App. 574, 578, 553 S.E.2d 425, 428 (2001)). "The trial court must make findings and conclusions which indicate that it has considered . . . less drastic sanctions." *Wilder*, 146 N.C. App. at 577, 553 S.E.2d at 427 (quoting *Foy v. Hunter*, 106 N.C. App. 614, 620, 418 S.E.2d 299, 303 (1992)).

12. Based upon the evidence of record set forth above, the Court concludes that Vizant has "manifest[ed] an intention to thwart the progress of this action to its conclusion," *Kersey*, 176 N.C. App. at 751, 627 S.E.2d. at 311, by (i) filing for bankruptcy and completing its bankruptcy case without notice to its counsel, YRC, or this Court and without advising its bankruptcy counsel or the trustee in bankruptcy that it had claims pending in this action; (ii) failing to maintain its certificate of formation with the Delaware Secretary of State, thus permitting the cancellation of its certificate of formation and the termination of its legal existence as a matter of law; (iii) failing to retain counsel to represent its interests and prosecute its claims in this action, even though North Carolina law makes plain that a corporation or limited liability company "must be represented by a duly admitted and licensed attorney-at-

law and cannot proceed *pro se*[,]" *LexisNexis, Div. of Reed Elsevier, Inc. v. Travishan Corp.*, 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002); and (iv) failing to take any action to prosecute its claims since the issuance of the Supreme Court Decision on February 28, 2020, *see Krawiec v. Bogosavac*, 2018 NCBC LEXIS 86, at *6–8 (N.C. Super. Ct. Aug. 16, 2018) (finding a manifest intention to thwart the progress of litigation where plaintiffs did not retain counsel, did not appear in person, and took no other action to prosecute their claims); *see also Brunner v. Lodge on Lake Lure, LLC*, 2016 NCBC LEXIS 86, at *6–7 (N.C. Super. Ct. Nov. 3, 2016) (holding that, while "mere passage of time" does not justify a dismissal for failure to prosecute a claim, an abandonment of claims that delays a final adjudication is sufficient).

13.    The Court further concludes that YRC has been prejudiced by Vizant's failure to prosecute this action—including by expending substantial time and resources to investigate the Motion to Withdraw and prosecute this Motion.  YRC will be further prejudiced should it be required to prepare a defense for trial when Vizant has evidenced its inability to proceed and manifested every intention not to further pursue this action.  *See Lentz v. Phil's Toy Store*, 228 N.C. App. 416, 423–24, 747 S.E.2d 127, 132–33 (2013) (finding prejudice to defendant by plaintiff's delay in prosecuting its claims and concluding that defendant would "continue to be prejudiced if th[e] claim . . . [wa]s allowed to continue indefinitely").  In these circumstances, dismissal of Vizant's remaining claims with prejudice is the only proper course of action to "serve the purpose of Rule 41(b)."  *Williard v. Williard*, No. COA12-931, 2013 N.C. App. LEXIS 258, at *13 (N.C. Ct. App. Mar. 19, 2013); *see also*

*Cornelius v. Cornelius*, No. COA18-979, 2019 N.C. App. LEXIS 894, at \*16 (N.C. Ct. App. Nov. 5, 2019) ("[A]n order for sanctions [will be affirmed] where it may be inferred from the record that the trial court considered all available sanctions and the sanctions imposed were appropriate in light of the party's actions in the case." (quoting *In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 251, 618 S.E.2d 819, 828 (2005))).

14. Based on the foregoing, the Court concludes, in the exercise of its discretion and for good cause shown, that Defendant's Motion should be granted and that Plaintiff's Amended Complaint should be dismissed with prejudice for Plaintiff's failure to prosecute this action.

III.

CONCLUSION

15. **WHEREFORE**, the Court hereby **GRANTS** the Motion and **ORDERS** that Plaintiff's Amended Complaint, and all the remaining claims contained therein, are hereby **DISMISSED with prejudice**.

**SO ORDERED**, this the 4th day of June, 2020.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge